GARRISON, Judge.
Plaintiff-appellee Charles Taylor was injured in the scope of his employment with General Drayage Service, Inc. on February 7, 1973, when he was struck by a forklift operated by an employee of the Zetz-7UP Bottling Company. Mr. Taylor was making a delivery for General Drayage at the Zetz Bottling Company when the accident occurred. Within one year, Charles Taylor instituted suit for workmen’s compensation against his employer, General Drayage, and the employer’s workmen’s compensation insurer, American Casualty Co., in civil action number 568-064. American Casualty Co. filed a separate suit, number 568-032, against Zetz-7UP Bottling Co., the employer of the tortfeasor, and Continental Casualty Co., the insurer of Zetz.
In 1975 the compensation suit between Mr. Taylor and General Drayage was settled for $250.00, payment made on November 6th of that year. The pertinent parts of the settlement judgment number 568-064 between General Drayage and Charles Taylor reads as follows:
“. . . in favor of Charles E. Taylor and against General Drayage Service, Inc. and Continental Casualty Co., . *812 in full settlement, compromise, and discharge of any and all liability which exists or might exist by General Drayage Service, Inc. and Continental Casualty Co. to Charles E. Taylor, whether by way of compensation, medical, surgical, or hospital expenses, damages, maintenance and cure, and all other amounts, if any, which might be due Charles E. Taylor by reason of the alleged accident of February 7, 1973, or any accident prior to the date hereof, whether the liability, if any, arises under the laws of the State of Louisiana, or of any State of the United States, or the laws of the United States, including the Jones Act and General Maritime Law, or the laws of any foreign nation.” (Emphasis Added.)
Counsel for plaintiff received the following letter dated June 26, 1975:
“Dear Brad:
As I told you at court, we had a subro-gation file arising from this accident. It was settled last April.
I enclose a copy of the Petition filed by American Casualty Company, bearing No. 568-032 in the Civil District Court.
Best of luck in yout third-party claim against Zetz-7UP.
Cordially,
/s/ Fritz Bott”
On August 28, 1975, American Casualty Co. filed the following motion and order dismissing its separate subrogation action, number 568-032, against Zetz and Continental Casualty Co.:
“On motion of American Casualty Co., plaintiff in the above entitled and numbered cause, through its undersigned counsel of record herein, and on suggesting to the Court that the above matter has been settled in full; that mover desires to dismiss the said cause, with prejudice at his costs; and that all costs and commissions due the Clerk of Court and the Sheriff have been paid as evidenced by the certificates of those officers annexed hereto and made a part of this motion;
IT IS ORDERED BY THE COURT, that the above entitled and numbered cause be and the same is hereby dismissed, with prejudice, at plaintiff’s costs.” Signed 8/28/75 (Emphasis added.)
The defendants compromised the claim of the compensation carrier, but chose not to obtain a release from Mr. Taylor. Subsequently, Mr. Taylor filed suit against Zetz-7UP and Continental Insurance Co. on November 13, 1975.
Defendants moved to dismiss the action pleading settlement. They further alleged that Mr. Taylor failed to intervene in the suit between American Casualty Co. and the defendants, causing prescription to run against the plaintiff. On October 15, 1976, the trial court rendered judgment denying defendant’s motion to dismiss.
After trial by jury, a verdict was granted in favor of plaintiff, awarding damages in the amount of $225,000.00. From that judgment, both defendants appeal.
Revised Statutes 23:1102 provides as follows:
“If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.” (Emphasis added.)
Defendant-appellant contends that the above quoted letter dated June 26, 1975 constituted notice for the purpose of R.S. 23:1102. We do not agree.
The letter spoke of a prior settlement some months earlier. Furthermore, it did not give notice of a right to intervene, nor was it provided timely. Under the statute, “forthwith” means “forthwith” and the party to be notified should receive that notification in time to file a timely intervention.
Defendant-appellee further contends that Mr. Taylor’s action against Zetz had prescribed at the time suit was filed, arguing that the previous case was a voluntary dismissal without prejudice under C.C. Art. 3519 so that the case should be treated as if *813 it had never existed and no interruption of prescription had ever occurred.
Plaintiff argues that the absence of sufficient notice for purposes of intervention gives rise to the application of R.S. 9:5801 and that the prior case was dismissed with prejudice which interrupted prescription.
The dismissal by American Casualty Co. quoted above clearly states “with prejudice” so that R.S. 9:5801 would apply:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and venue . . . ” (Emphasis added)
We conclude, as did the trial court, that plaintiff’s case had not prescribed. Indeed, this result is required by the ruling of the Louisiana Supreme Court in National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965):
“. . .it follows that any prescription applying to the filing of an intervention . was interrupted by the timely filing of suit by the employer’s insurer
Additionally, this outcome is mandated by the recent ruling of the Louisiana Supreme Court in Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (1980).
In Big Moose, the court stated:
“One apparent purpose for preferring to require intervention of an employer or an employee into a lawsuit previously filed by the other is to prevent the third party tortfeasor from having to defend two separate lawsuits based on the same del-ictual and quantum facts. As suggested by the Court of Appeal another reason for allowing intervention is to protect the employer from losing his right to indemnification in the event of a lawsuit by the employee against the tortfeasor. While each of these is a valid purpose, neither is sufficient to require an employee, to whom the cause of action accrues under Article 2815 and who under R.S. 23:1101 has a tort claim, to intervene in an earlier filed action by the employer. It is the employee or his statutory beneficiaries who have suffered the full loss compensa-ble under Article 2315, not the employer. The employer’s right is only a statutory one under R.S. 23:1101 for reimbursement of compensation paid or payable out of the employee’s damage claim.” At 9-10. (Emphasis added.)
Defendant-appellant further specifies the following errors:
1. Plaintiff failed to prove total and permanent disability.
2. Testimony as to loss of future wages was prejudicial in the absence of a showing of permanent disability.
3. The judgment of the jury on liability was clearly erroneous as the plaintiff failed to prove his case by a preponderance of the evidence.
4. The judgment of the jury was clearly erroneous in that the evidence established that plaintiff was contributorily negligent.
5. The judgment of the jury relating the injury to the original accident was clearly erroneous.
6. The jury award was clearly erroneous.
Our review of the record indicates that the judgments of the jury were not manifestly erroneous on any of the specifications of error. As no manifest error occurred, we must affirm the findings of fact by the jury. Canter v. Koehring, Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Additionally, we find that the award of damages is clearly supported by the evidence and that the jury did not abuse its discretion. Accordingly we affirm the award given. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979).
For the reasons stated above, the judgment of the trial court is affirmed.

AFFIRMED.