GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to petitioner workmen’s compensation benefits subject to. a credit for wages, $5,882.08 medical expenses and future medical expenses to $25,000.00, inclusive. From that judgment, which we affirm, defendant appealed alleging that the trial court erred in finding that wages were paid to plaintiff in lieu of compensation.
On January 6,1975, plaintiff, while in the course and scope of his employment, was injured in a motor vehicle accident. Plaintiff was out of work for several days, but returned to his former employment as a supervisor with the defendant. The trial court found that although plaintiff retained the same title, his capacity to perform the work was diminished. In March of 1975 the insurer paid one of plaintiff’s medical bills. On December 20,1975 a personal injury suit was filed. Argonaut, the insurer of the defendant, intervened in this suit on September 22, 1976. Throughout this time, plaintiff was undergoing treatment by Dr. Kerr. In June of 1977, plaintiff was referred to Dr. Pisarello who discovered that plaintiff’s injury was a lumbar disc herniation. In August of 1977, plaintiff underwent disc surgery. On July 1, 1977 plaintiff brought this action for workmen’s compensation benefits. Defendant filed an exception of preemption which was granted, dismissing plaintiff’s case. On December 22, 1977 the trial court set aside its prior judgment and granted plaintiff a new trial. Pursuant thereto, trial on the merits was held on October 17,1978 and judgment was rendered in plaintiff’s favor.
The critical issue of this case, as recognized by the district court, is the question of prescription. The district court applied R.S. 23:1209 as amended by Act No. 583 § 7, Acts of 1975, retroactively. As amended, the statute reads, in part as follows:
“. . . Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment . .”
We agree with the trial court’s application of the statute, and incorporate his reasons for judgment as our own:
“. . . our jurisprudence is to the effect that prescriptive statutes may be applied to causes of action arising prior to their enactment if the legislature so intends. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950). The general rule is that when a prescriptive period is changed, the time which preceded the change of legislation or altering the period of prescription should be reckoned according to the ancient law, and that which followed according to the new law. Henson v. St. Paul Fire and Marine Ins. Co., 354 So.2d 612 (La.App. 1st Cir. 1978).
“The compensation statute is social legislation. The jurisprudence clearly established the principle that it is to be liberally interpreted in favor of the injured worker. The evidence clearly preponderates to establish that if the medical doctors had overly extended the period of time during which they conservatively tried to treat the plaintiff, then major disc surgery would have been performed and the compensation carrier would clearly be liable in these premises. Further, that evidence shows that the plaintiff was not, after the accident, the mechanic he was before. Some of the work he performed before the accident he does not do at all now. (Blower work). And some of the other work he did before he is greatly limited (in lifting objects, pulling on wrenches, stooping, etc.). The Court concludes that not all but at least some of the wages paid to him and being *689 paid to him are in lieu of compensation. Therefore, prescription has been interrupted for workmen’s compensation purposes ...”
Our review of the evidence presented also reveals that the plaintiff was not performing physical work which he was required to do as part of his job prior to the accident. Accordingly, we cannot conclude that the district court was manifestly erroneous in this finding of fact. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). We additionally note that the results of the trial court are also mandated by the application of R.S. 9:5801. See National Surety Corp. v. Standard Accident Insur. Co., 247 La. 905,175 So.2d 263 (1965); Taylor v. Zetz 7-Up Bottling Co., 384 So.2d 811 (La.App. 4th Cir. 1980).
For the reasons discussed above, the judgment of the trial court is affirmed.

AFFIRMED.