BOUTALL, Judge.
This appeal arises from a judgment declaring the plaintiff to be totally and permanently disabled thereby entitling him to workman’s compensation benefits for the period of his disability.
On January 27, 1977, plaintiff, Carl Hall, sustained an injury to his back while in the course and scope of his employment as a reinforcement iron worker (rebar) foreman for H. B. Zachary Company. He was treated conservatively and was discharged to return to work. On June 3, 1977 while at home after returning from work, Hall suffered a severe, intense back pain while standing in an attempt to use the telephone, resulting in his immediate hospitalization and subsequent operation for an acute extruded disc. Since that time he suffers from residual disability and pain, which he contends is totally and permanently disabling. Compensation benefits were paid for some time, and then terminated. Hall’s subsequent suit produced a judgment of total and permanent disability, and the employer’s insurer, Employers National Insurance Company, has appealed suspensively.
On appeal the issues before us are: 1.) whether there is a causal relationship between Hall’s employment as a rebar foreman and his second incidence of back injury, and 2.) if this causal relationship exists what is the extent of plaintiff’s disability.
In his resolution of the issue of causation, the trial judge in his reasons for judgment made the following finding:
“The Court finds that the June 3,1977, injury was either an aggravation or reoc-currence of the accident of January 27, 1977 or that it was the result of another trauma which occurred on or about June 1, 1977. In either case, the injury was the result of stresses incurred by plaintiff while at work. The fact that the disc ruptured while Mr. Hall was at home, after work, is of no consequence. See Bolden v. Georgia Casualty & Surety Company, 363 So.2d 419, (La.1978). An accident does not necessarily have to arise out of a single traumatic incident, but can result from many small accidents resulting in an injury. Scanlan v. Bernard Lumber, Inc., 365 So.2d 39, ([La.App.] 4th Cir. 1978). There is a complete absence of proof of any intervening non-work related cause of his injury. See Williams v. Liberty Mutual, 327 So.2d 462, (La.App., 3rd Cir. 1976), and cases cited therein at Page 467. Therefore, this court finds, as a matter of fact and law, that plaintiff’s injury, for which he was treated by Doctor Hamsa, arose out of an ‘accident’ and was sustained in the course and scope of his employment with H. B. Zachary Company.”
We find no manifest error in this resolution. We note, as did the trial judge, that there is a conflict in medical opinion as to the cause of the disability between Dr. Stokes who could find no relationship between the accident of January 27, 1977 and the injury of June 3, 1977, and Dr. Hamsa, the treating physician, who felt that there *763 was a likely relationship. The trial judge accepted the testimony of the treating physician over that of the physician who merely examined the patient on one occasion some two and one-half years post accident. Additionally, we point out that the opinion of Dr. Hamsa is supported by the opinion of Dr. Phillips who examined the patient some two years post accident and by the testimony of plaintiff and his wife that plaintiff had continued to suffer pain off and on from the time of the January accident.
Appellant argues to us that the trial judge erred in finding that the June 3rd injury was the result of another trauma which occurred on or about June 1, 1977. We have quoted from the trial judge’s findings because it is apparent that this was not his primary conclusion. That statement was apparently based upon Dr. Hamsa’s testimony that he recalled, in the emergency atmosphere of the operation, that he had been told that plaintiff had experienced episodes of pain while at work in the days prior to the June 3rd incident. Both Dr. Hamsa and Dr. Phillips explained that it was unusual for a massive herniated disc to occur when a person is simply standing. They felt that such an occurrence must be related to prior incidents which caused a weakening, and under the history given them, the January accident, followed by other episodes of pain, was the most likely cause.
The next issue for consideration is the extent of plaintiff’s disability. As a result of the occurrence of June 3rd, plaintiff was operated on for a massive herniated disc and a laminectomy was performed in that area. As a result of these events plaintiff has suffered permanent partial disability of the body as a whole, rated at 5% by Dr. Stokes, 10% by Dr. Phillips and 20% by Dr. Hamsa. These figures simply relate to all of the activities that a person may engage in, and are not directly related to his ability to do work. All of the doctors agree that a person in plaintiff’s condition could not engage in any occupation which involved frequent or prolonged stooping, bending, or lifting of heavy weights. At the same time, it should be noted that these prohibited activities are those activities which frequently occur in plaintiff’s work field, that is a reinforcement iron worker foreman. A foreman of this type does not simply supervise men, but he is engaged with his men constantly to insure that reinforcement rods, etc. are placed in proper position, and to some degree he does a portion of the same work in assisting his men to do the job in accordance with the plans and specifications.
The decision as to whether this man is partially, permanently disabled or totally permanently disabled is a rather difficult one. After his discharge from treatment by his doctor, plaintiff returned to work as a rebar foreman for other employers from March 18, 1978 through date of trial on January 30, 1980. The trial court found that plaintiff was required to return to work because of economic necessity and was only able to obtain the job through friends and acquaintances, and only able to perform his work with the assistance of fellow workers. The court further found that plaintiff was working in substantial pain such that he is permanently and totally disabled.
We refer to the case of Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980) which, except for the type of injuries suffered, is based upon a similar factual situation. We accept the facts as found by the trial judge, because, although there is contravailing evidence, we cannot say that he is manifestly erroneous in his findings. All of the doctors testified that with Mr. Hall’s back condition it would be expected that he would suffer pain when he engaged in prolonged or continual stooping, bending, lifting, etc. Both Hall and his wife testified that he suffers pain every day and has had to alter his living habits in order to accommodate the pain. Yet we must recognize the prior decisions of the Supreme Court and we note the remarkably similar factual situation explained in Dusang at page 372:
“[8] In this case, even though we agree with the trial court and the Court *764 of Appeal that Mr. Dusang works in substantial pain, he is not totally disabled. Except for the six weeks following his termination at Beck, Mr. Dusang has worked steadily following his injury. The pain has not been so disabling as to require him to be hospitalized or to miss work. While his coworkers testified that they needed to help him with heavy lifting following the accident, his foreman at Beck testified that he never had to substitute any employee for Mr. Dusang because of his inability to do the work. Mr. Dusang has been able to find work as a welder out of the electrician’s hall, and there is no clear evidence that he will not be able to find work in the future. At the time of trial he was earning more than he earned before his accident; the partial disability status will protect him in the future.”
If the issue before us could be solved basically on the question of substantial pain alone, we would feel compelled to hold, as was held in Dusang, that the disability is only partial. Since the decision in that case, the Supreme Court has adopted the “odd-lot” principal in the case of Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). At page 1323 the court stated:
“ * * * Although any one sentence description of the doctrine necessarily tends to oversimplify it, some treatise writers have provided helpful starting points for understanding it as applied by the courts. Professor Johnson observes:
‘Simply stated, this doctrine is that a claimant may be considered totally disabled if, after his injury, he is considered an “odd-lot” in the competitive labor market, i. e., that he may be capable of holding various jobs from time to time, but that the kind of work he may perform is so limited in quality, dependability or quantity that a reasonably stable market for that work does not exist.’ Johnson supra, 39 La. L.Rev. at 889.
In his treatise on workers’ compensation, Larson says that the essence of the odd-lot doctrine, which has been accepted in virtually every jurisdiction, is
‘the probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the super-human efforts of the claimant to rise above his crippling handicaps.’ Larson, supra, § 57.51, pp. 10-109 and 10-119.
In order to determine whether the plaintiff fits within this category of odd-lot workers, he must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he ‘cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.’ ”
In his reasons for judgment the court related the following facts:
“According to expert testimony, the Dictionary of Occupational Titles, published by the U.S. Department of Labor, part of the physical demands of reinforcing steel foreman (i. e., an iron foreman or an iron working foreman) are that he be able to lift, carry, push and pull maximum weights up to twenty pounds with frequent lifting and carrying of weights up to ten pounds; that he be able to climb and balance; and most importantly, that he be able to stoop, kneel, crouch and crawl. The court finds that these activities are required in plaintiff’s job and have caused him substantial pain. The court also finds that the pain associated with his back injury has substantially hampered his normal daily routine and activities.
“Mr. Hall finished the eighth grade. He has had no other formal training of any type. He has been engaged in iron work, first as an iron workers’ helper, then as a reinforced iron worker, and then as a foreman for over twenty years. The court finds that he certainly cannot return to work as a reinforced iron worker’s helper or as an iron worker, since *765 these require much too much physical activity. The court additionally finds that he has virtually no skills transferable into any type of job that he is physically capable of performing. Consequently, he is effectively precluded from competing in the labor market for any type of jobs that he is mentally capable of performing, because of his physical disability. The court also finds that he is effectively precluded from competing for jobs which he is physically capable of performing, because of the lack of educational or work experience in these fields. Although he might compete for a job as a ticket taker, an elevator operator, or something of that sort, these jobs are not realistically available.”
We cannot say that these findings are manifestly erroneous, and we conclude that they meet the requirements posed under the odd-lot doctrine. Accordingly, we affirm the finding of the trial court that plaintiff is permanently and totally disabled and entitled to workman’s compensation benefits.
The judgment is affirmed.

AFFIRMED.