BARRY, Judge,
dissenting.
I dissent because I am convinced the record and law supports appellant’s claim for benefits.
*761 After we remanded, the trial judge held that the plaintiff had been fully compensated for his two shoulder separations which resulted from work-related injuries on February 14, 1977 and May 30, 1978. His decision was based on the belief that plaintiff has a propensity to shoulder separations which is a congenital or anatomical defect. I find no medical evidence to support that conclusion and this was conceded by counsel for appellee during oral argument. The record reveals no history of shoulder problems pre-dating the first work-related accident.
Prior to surgery plaintiff suffered three separations, the first two at work and the third while off-duty. Dr. Marrero, an orthopedic surgeon, testified that surgery was necessary to prevent future recurrences. He stated where a patient has at least two shoulder separations, there is a 75 percent chance that the problem will recur.
Although Dr. Condie, a general surgeon, testified only muscle and soft tissue injuries were sustained in the auto accident, Dr. Marrero testified that x-rays would not necessarily reveal a dislocated shoulder if the joint had been repositioned prior to taking the x-rays. Plaintiff testified he was able to move his shoulder back into place after this accident and Dr. Condie agreed this was possible. Dr. Marrero had no problem with plaintiff’s claim and felt surgery was necessary to correct the condition that had manifested itself in the two work-related accidents.
Even if the record supported the trial judge’s finding that the plaintiff was predisposed to shoulder problems (which I feel it does not), our law specifies that an employer fakes his employee as he finds him. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). Also, where a recurrence or aggravation of a work-related injury occurs when the employee is outside the course and scope of employment this injury is also compensable. Bolden v. Georgia Casualty and Surety Co., 363 So.2d 419 (La.1978); Hall v. H. B. Zachary Co., 402 So.2d 761 (La.App. 4th Cir. 1981).
I can only conclude that the two work-related accidents coupled with the later swimming incident and resultant surgery established a valid claim for partial permanent disability. Our compensation act is to be liberally construed in favor of the employee to protect him from loss resulting from an employment-related injury and to place the loss on ‘the employer who can more readily bear it. Campbell v. Fidelity & Casualty Co. of New York, 339 So.2d 339 (La.1976), and Lagraize v. New Orleans Armature Works, 387 So.2d 687 (La.App. 4th Cir.), writ denied 394 So.2d 615 (La.1980).