446 So.2d 974 (1984)
L.J. BROUSSARD, Plaintiff-Appellant,
v.
James BOOTH, et al., Defendants.
No. 83-607.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Writ Denied May 4, 1984.
Provosty, Sadler & deLaunay, F. Rae Swent, Alexandria, for plaintiff-appellant.
Gist, Methvin, Hughes and Munsterman, David A. Hughes, Alexandria, Thomas L. Crabson, Baton Rouge, Downs & Downs, *975 James C. Downs, Alexandria, for defendants.
Before DOMENGEAUX, GUIDRY, and STOKER, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, L.J. Broussard, filed suit against James Booth, Bob Stark (d/b/a Bob Stark Real Estate), the Rapides Parish Police Jury and the State of Louisiana, Department of Transportation and Development, seeking rescission of a sale, or in the alternative, recovery of compensation for the expropriation of his land. The Police Jury filed an Exception of Prescription. The trial court sustained the exception dismissing Broussard's suit against the Police Jury. Broussard appeals.

ISSUE
The sole issue on appeal is whether or not the trial court erred in sustaining the exception of prescription.

FACTS
In August 1977, Broussard purchased a house and lot in Otis, Louisiana, from Booth through his real estate agent, Stark. Since March 1978, the property has been subject to flooding. As a result of the flooding, Broussard filed suit on September 30, 1981, seeking recovery of compensation for the expropriation of his land. In his petition, Broussard alleged that the flooding on his property was the result of the drainage construction carried out by the Police Jury. The Police Jury filed an exception of prescription based on the two year prescriptive period provided by La. R.S. 9:5624 and La.R.S. 19:2.1. The matter was heard on February 28, 1983, and the trial court sustained the exception in favor of the Police Jury.

THE EXCEPTION OF LIBERATIVE PRESCRIPTION OF TWO YEARS
The Police Jury, in its original appellate brief, admitted that La.R.S. 19:2.1 (which is incident only to actions for damages and claims resulting from legal expropriation) was not applicable because there was no expropriation proceeding. Therefore, the issue is whether or not La.R.S. 9:5624 is applicable. This statute provides:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained."
Broussard contends that his property was taken for public purposes. It is his contention that La.R.S. 9:5624 is not applicable to actions for the recovery of compensation of the property taken for public purposes. He cites as authority A.K. Roy, Inc. v. Board of Commissioners, 237 La. 541, 111 So.2d 765 (1959), which provides:
"[D]efendant, in this court relies solely on R.S. 9:5624. This section is equally inapposite to the case at bar, since, by its very language, it applies only `when private property is damaged for public purposes,' but not to actions for the recovery of the value of the property taken for public purposes." (Emphasis in the original.)
At 111 So.2d 767 (footnote omitted).
A review of the record reveals that the Police Jury has not expropriated and has not taken possession of the property nor has it constructed any facilities upon, under or over Broussard's property. Therefore, the rationale of the Court's ruling in Roy, which distinguishes an action for compensation from an action for damages directly applies to the instant case; the holding does not support appellant's contention. See Miller v. Colonial Pipeline Company, 173 So.2d 840 (La.App. 3rd Cir.1965).
In the case of Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 (La.App. 2nd Cir.1976), the Second Circuit addressed a similar factual situation. Plaintiff therein filed suit against the State Department of Highways and the Town of Plain Dealing alleging to have sustained damages caused by the defendants' unauthorized alteration of natural drainage which resulted in flooding of his property. *976 The property owner admitted that he was aware of the flooding of his property on several occasions during 1972. However, he failed to file suit until February of 1975. The trial court sustained an exception of prescription based upon La.R.S. 9:5624. The Second Circuit affirmed the trial court's decision stating that the statute declared that an action for any and all damages must be brought within two years from the time the damages were sustained. The Second Circuit further stated that the purpose of the statute was to limit the exposure of the State and its political subdivisions to liability in connection with the construction of public works to a reasonable period of time. The Court explained the legislative intent of the statute thusly:
"The language employed when construed in the light of the purpose of the statute precludes any suit being brought after two years from the first occurrence of any damage after the completion of the public works."
At 315.
In the present case, Broussard was aware of the flooding of his property since March of 1978. However, he failed to file suit until September of 1981. Therefore, we conclude that the trial court was correct in sustaining the exception of prescription.

DECREE
For the above and foregoing reasons, the judgment of the trial court against L.J. Broussard is affirmed at plaintiff-appellant's cost.
AFFIRMED.