500 So.2d 390 (1987)
Benjamin F. LYMAN, et al.
v.
TOWN OF SUNSET, et al.
No. 86-CC-1314.
Supreme Court of Louisiana.
January 12, 1987.
Rehearing Denied March 12, 1987.
Joseph A. Koury, Koury & Koury, Colleen McDaniel, Lafayette, for applicants.
James T. Guglielmo, Gina Tuttle, Guglielmo, Lopez & Tuttle, Alex L. Andrus, III, Opelousas, Sera H. Russell, III, Baton Rouge, Allen, Gooch, Bourgeois, Breaux & Robinson, Lafayette, John L. Olivier, Olivier and Brinkhaus, Sunset, Ian Lindsey, Baton Rouge, for respondents.
COLE, Justice.
We granted this application to consider the Court of Appeal's dismissal, on the peremptory exception raising the objection of prescription, of an action for recovery of damage to immovable property caused by a public work. The ultimate issue is whether or not the Court of Appeal was correct in applying La.R.S. 9:5624.
Benjamin F. Lyman, Lyman Development Corporation, Sunset Partnership, and Bloomfield Estates Subdivision filed suit against the Town of Sunset, Gloria Smith, and the State of Louisiana. Plaintiffs alleged the town's operation of a landfill, on property leased from Gloria Smith, had diminished *391 the property value and the marketability of their subdivision development. The trial court overruled the town's peremptory exception, applying the one year prescriptive period found in La.Civ.Code art. 3492.[1]
Factually, the trial court found the landfill officially closed on August 20, 1982 and prescription did not commence to run until that date.[2] In so ruling, the court found any damage caused by the landfill was of a continuing nature, interrupting prescription until the damaging conduct ended. Accordingly, plaintiffs' suit filed on August 19, 1983 had not prescribed.
Defendants applied for Supervisory Writs to the Court of Appeal. The Third Circuit found the trial court erred in overruling the exception. That court determined the two-year prescriptive period in La.R.S. 9:5624 was applicable under the circumstances of this case. In sustaining the exception, the court relied on Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 (La.App. 2d Cir.1976). In Nuckolls the Second Circuit was faced with the same issue presented here. The Third Circuit held the two-year period provided for in R.S. 9:5624 began to run from the moment damage was first sustained. After consideration of the language and underlying purpose of R.S. 9:5624, we agree it is the applicable law and we hold the two year period thereunder commences at the point when any damage is actually sustained.

FACTS
In April of 1979, Mr. Lyman purchased land for development of Bloomfield Estates Subdivision. The property was located near the Town of Sunset, Louisiana. In September of 1980, the Town of Sunset entered into an agreement with Gloria Smith to lease a tract of land for a term of three years for the purpose of establishing a landfill. This lease was recorded in the public record of St. Landry Parish on September 9, 1980. The leased property was adjacent to Bloomfield Estates Subdivision. In September or October of 1980, plaintiff commenced development of the subdivision. Lyman testified he first became aware of dumping at the landfill near the end of 1980 or beginning of 1981. He also stated he was aware of the continued operation of the landfill through July of 1982. He could not state whether the operation continued during the month of August 1982 because he did not look at the landfill site during the one or two visits he made to his development during the early part of that month.
Lyman, individually and as the principal involved in the other plaintiff entities, filed suit on August 19,1983, more than two and a half years after he first knew of the landfill operation, and one year and approximately three weeks after the operation had ceased. He alleged the presence of the landfill had diminished the property's value and ruined efforts to develop and market the subdivision. He also alleged public interest in the subdivision diminished as soon as the land was leased for use as a dump site.

APPLICABLE PRESCRIPTIVE PERIOD
The trial court chose to apply La. Civ.Code art. 3492. This is the general one-year prescription which applies to delictual actions. When the damage is to immovable property, time begins to run once the landowner becomes aware of the damage. La.Civ.Code art. 3493.[3] However, when the damaging conduct is continuous, prescription does not begin until the tortious *392 conduct is abated. South Central Bell Co. v. Texaco, Inc., 418 So.2d 531 (La.1982). Obviously, plaintiffs' cause of action had prescribed under Civ.Code art. 3492 since the tortious conduct had abated not later than July 28, 1982 and suit was not filed until August 19, 1983.
The Court of Appeal, however, chose to apply La.R.S. 9:5624 which provides:
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.
It is a well established principle of statutory interpretation that when two conflicting statutes are applicable to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. Smith v. Cajun Insulation Co., 392 So.2d 398 (La.1980); Boudreaux v. Terrebonne Police Jury, 422 So.2d 1209 (La.App. 1st Cir.1982). Plaintiffs claim their private property was damaged by a public work. La.R.S. 9:5624 thus controls as an exception to the general rule of La.Civ.Code art. 3492.
Plaintiffs contend regardless of which prescriptive statute is applied, time does not begin to run until the conduct causing damage is abated. In support of his argument, plaintiff relies on South Central Bell Telephone Co. v. Texaco, supra. In that case the phone company was suing for damage caused to their underground cables by gasoline leaking from defendant's underground storage tanks. We found damage to the cables continued until the leaking tanks were replaced. We held: "When the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated." South Central Bell, supra, 418 So.2d at p. 533. This case was covered by a one-year prescription period and did not involve damage of private property for public purposes. Plaintiffs ask that we apply the rule of South Central Bell to La.R.S. 9:5624, and thereby maintain their action. We decline to expand this jurisprudential rule, feeling to do so would undermine the purpose for which R.S. 9:5624 was enacted.
The legislature found it necessary to create an exception to La.Civ.Code art. 3492, by allowing two years for bringing suit when private property is damaged for public purpose. While allowing an additional year to bring suit, the statute serves to limit governmental exposure by requiring "any and all actions" must be brought within two years after damages are sustained. This statute was enacted in its present form in 1950. Though we have never interpreted the statute, a cohesive body of jurisprudence has been developed by our courts of appeal.
In an early decision by the Second Circuit, La.R.S. 9:5624 was applied where vibrations associated with the construction of Interstate-20 resulted in the collapse of one building and structural damage to another. These buildings were located on property adjacent to the highway right-ofway. In applying this statute, the court determined the suit, filed less than two years after the damages were sustained, had not prescribed. Florsheim v. Department of Highways, 201 So.2d 155 (La.App. 2d Cir.1967).
In Nuckolls v. Louisiana State Highway Department, supra, a landowner sued when his property, adjacent to a public highway construction site, was damaged by flooding caused by the Department's unauthorized alteration of the natural drainage. The court sustained an exception filed by the Town of Plain Dealing and the Department of Highways raising prescription in reliance upon R.S. 9:5624. The court rejected arguments that the two-year prescriptive period had been interrupted by the successive flooding of the property. The land first flooded in 1972. No suit was filed until 1975. In strictly applying R.S. 9:5624, the court reasoned:
The statute declares that an action for "any and all damages" must be brought within two years from the time "damages *393 are sustained." The purpose of the statute is to limit the exposure of the state and its political subdivisions to liability in connection with the construction of public works to a reasonable period of time. The language employed when construed in light of the purpose of the statute precludes any suit being brought after two years from the first occurrence of any damage after the completion of the public works. (337 So.2d at p. 315)
This language from Nuckolls has been cited with approval by the First and Third Circuits when applying R.S. 9:5624. See Carbo v. Hart, 459 So.2d 1228 (La.App. 1st Cir.1984), writ denied; Broussard v. Booth, 446 So.2d 974 (La.App. 3d Cir.1984), writ denied; Boudreaux v. Terrebonne Parish Policy Jury, supra.
In these cases, damage to private property was a necessary consequence of the public purpose making 9:5624 applicable. In each case the two-year prescription was held to have run from the first occurrence of damage after completion of the public work.
In this case, the alleged damage to private property was a necessary consequence of the operation of the landfill. Clearly R.S. 9:5624 applies. Under the language of R.S. 9:5624, it is important to determine when the landfill was completed and when damage was sustained.
It is clear the landfill was being utilized at latest in January of 1981. Lyman testified he was aware of this fact. He alleged the very presence of the landfill diminished the value of his property and thwarted his efforts to develop the subdivision. In his original petition, he claimed public interest in the subdivision diminished from the time the lease of land for the project was signed in September of 1980. We believe the existence of the landfill and the commencement of its operation was the pivotal point at which damages were sustained by plaintiffs. Lyman, himself, believed this to be true. This occurred by January of 1981. Plaintiffs allowed their action to prescribe by delaying until August 19, 1983 the filing of this action.
Accordingly, we affirm the judgment of the Court of Appeal.
AFFIRMED.
DIXON, C.J., and LEMMON, J., concurs.
DENNIS, J., dissents. The statute in question, La.R.S. 9:5624, was enacted to give private property owners additional protection and opportunity to seek reparation for damages sustained in connection with taking for public purposes and should be construed strictly against the state.
NOTES
[1] Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
[2] The trial court was clearly wrong in this finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Deposed testimony, testimony at the hearing on the exception by several witnesses including plaintiff, Benjamin F. Lyman, as well as documentary evidence shows conclusively the landfill was actually closed not later than July 28, 1982.
[3] When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.