SAVOIE, Judge.
Plaintiffs, Ole John Andreasen, Carla Trahan Andreasen, Paul Arthur Lapey-rouse, Sybil Brown Lapeyrouse, John C. Smithey and Eugene P. Trahan, have brought the present action against the City of Houma, the Terrebonne Parish Police Jury, Consolidated American Insurance Company and State Farm Fire & Casualty Company, for damages sustained to their property.
The facts presented at trial reveal that from March 5, 1980 until December 9,1980 an underground sewerage system was installed in the Roberta Grove Subdivision by G & W Construction through an intergovernmental agreement between the City of Houma and the Terrebonne Parish Police Jury. The installation of the sewerage system required that a trench approximately twelve (12) feet deep be dug. Rising ground water in the trench became a problem, thereby necessitating the installation of a system to pump out the water. The system selected was a well-point system. The well-point system was installed across from and in direct proximity to the subject properties. It began operating on August 13, 1980. By August 15, 1980 the water table in the surrounding area had been lowered to, at least, 5.94 feet below normal in the effort to keep the trench dry. The well-point system remained in operation until it was removed on September 9, 1980. Testimony indicates that following the cessation of the pumping activity, it may have taken from two weeks to possibly as long as two to three months for the water table in the surrounding area to return to normal. The use of this well-point system allegedly caused settlement of the surrounding land, causing structural damage to the homes of the plaintiffs.
Trial on this matter was held on July 9 and 10, 1986 as to liability but not as to damages; also addressed was the exception of prescription filed by the defendants.
The trial court maintained the exception of prescription as to the plaintiffs, Paul Arthur Lapeyrouse, Sybil Brown Lapey-rouse, John C. Smithey and Eugene P. Tra-han, but dismissed the exception as to the plaintiffs, Ole John Andreasen and Carla Trahan Andreasen. Judgment on the main demand was in favor of Ole John Andreasen and Carla Trahan Andreasen and against the City of Houma and the Terre-bonne Parish Police Jury. In addition, the trial court stated in its written reasons for judgment that the damages suffered by the plaintiffs’ homes and properties were caused by the well-point system which was utilized during the installation of the sewerage system in the Roberta Grove Subdivision. The trial court found that the well-point system caused differential settlement which in turn caused damages to the plaintiffs’ homes and properties.
Additionally the trial court rejected the Andreasens’ claim against State Farm that the damage to their home was covered by their homeowner’s insurance policy. The trial court found that the policy clearly excluded from coverage any damage attrib *320 utable to settling, cracking or earth movement.
Two issues are before us:
1. What is the applicable prescriptive period herein?
2. Does the cited exclusion of the State Farm policy apply herein?
PRESCRIPTION
The present appeal was filed by plaintiffs, Paul Arthur Lapeyrouse, Sybil Brown Lapeyrouse, John C. Smithey and Eugene P. Trahan, on the grounds that the trial court erred in finding that the claims of the plaintiffs had prescribed pursuant to the one-year liberative prescriptive period set forth in LSA-C.C. art. 3492.[1]
Plaintiffs contend that the trial court erred in not applying the two-year prescriptive period of LSA-R.S. 9:5624[2], which applies when private property is damaged for public purposes. When two conflicting statutes are applicable to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. Lyman v. Town of Sunset, 500 So.2d 390 (La.1987). Plaintiffs claim their private property was damaged by a public work and that LSA-R.S. 9:5624 controls as an exception to the general rule of LSA-C.C. art. 3492.
Defendants contend that LSA-R.S. 9:5624 is not applicable to the present action in that the damages to plaintiffs’ properties were not an intentional and necessary consequence of the installation of the sewerage system. Defendants rely in part on Perkins v. Simon, 265 So.2d 804 (La.App. 3rd Cir.1972) which held that the two-year prescriptive period is applicable only when the damage to private property is the intentional and necessary result or consequence of the construction work incidental to a public purpose and is not applicable to a claim for damages resulting exclusively from the negligent acts or omissions of the person causing the damage.
The Louisiana Supreme Court discussed the applicability of LSA-R.S. 9:5624 in Lyman. In that case a developer commenced development of a subdivision which was adjacent to property recently leased to the town of Sunset for the purpose of establishing a landfill. The developer filed suit against the town alleging that the presence of the landfill diminished property values and marketability of the subdivision. The court found that the alleged damage to private property was a necessary consequence of the operation of the landfill and that the two-year prescriptive period was applicable.
In the instant case, the use of the well-point system was necessary in order to complete the installation of the sewerage system. The use of the well-point system lowered the water table to such an extent that differential settlement occurred. The trial court discussed the resultant damage in its written reasons for judgment.
The Court further finds that differential settlement was directly responsible for the damage to the Plaintiffs’ homes. Although differential settlement can, and usually does, occur as a result of natural loss of moisture in the soil, in the present case the Court is satisfied that the well-point system caused a sudden and extreme de-watering of the soil which would not have occurred in its absence. The settlement affecting the Plaintiffs’ homes was clearly consistent with this sudden lowering of the water table by the well-point system. Furthermore, although most of the Plaintiffs had lived in their homes for several years prior to the commencement of the sewerage system project in their subdivision, none of them had suffered damage to their homes attributable to differential settlement prior to that time. Almost immediately follow *321 ing the use of the well-point system, all of the Plaintiffs began noticing sudden and severe settlement damage to their property.
We find that damage to the private property of the plaintiffs was a necessary consequence of the public purpose of installing the sewerage system thereby making LSA-R.S. 9:5624 applicable. The trial court erred in maintaining defendants’ exception of prescription of one year.
STATE FARM INSURANCE POLICY EXCLUSION
After a thorough review and evaluation of the record and the policy of State Farm, we agree with the trial court. The policy contains clear exclusions for damage caused by settlement, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, roofs or ceilings. The pertinent policy language, found in Section 1, Perils Insured Against, Coverage A, Dwelling, provides:
“We insure for all risk or physical loss to property described in Coverage A except loss caused by: (6) ... settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, roofs, or ceilings.”
The policy further provides in Section 1, Exclusions:
“We do not cover loss resulting directly or indirectly from:
(2) earth movement ...”
The damages in the instant case resulted from differential settlement which can also be called earth movement and is clearly excluded under the policy. See Nida v. State Farm Fire & Casualty Company, 454 So.2d 328 (La.App.3d Cir.), cert. denied, 458 So.2d 486 (La.1984).
Accordingly, we reverse the judgment of the trial court and overrule the exception of prescription, and remand this matter for further proceedings as to Paul Arthur Lapeyrouse, Sybil Brown Lapeyrouse, John C. Smithey and Eugene P. Trahan. The judgment of the trial court interpreting the exclusion provision of the State Farm policy is affirmed. Cost of this appeal in the amount of $108.90 are to be shared equally by the City of Houma and the Terrebonne Parish Police Jury.
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

. LSA-C.C. art. 3492 reads:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.

. LSA-R.S. 9:5624 reads:
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works.