567 So.2d 1171 (1990)
Benjamin F. LYMAN, et al., Plaintiffs-Appellants,
v.
TOWN OF SUNSET, et al., Defendants-Appellees.
No. 89-464.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*1172 Philip J. Dugas, Baton Rouge, for plaintiffs-appellants.
Olivier & Brinkhaus, John L. Olivier, Sunset, for defendants-appellees.
Before DOUCET, YELVERTON and KING, JJ.
DOUCET, Judge.
This is an appeal from a trial court judgment in favor of the defendant, Gloria Smith, and against the plaintiffs, Benjamin F. Lyman, Lyman Development Corporation, Sunset Partnership and Bloomfield Estates Subdivision.
On August 19, 1983, the plaintiffs filed suit against the Town of Sunset, Gloria Smith and the State of Louisiana. The plaintiffs alleged that the town's operation of a landfill, on property leased from Gloria Smith, had diminished the property value and the marketability of their subdivision development.
The Town of Sunset filed an exception of prescription which was granted on appeal. The Louisiana Supreme Court affirmed the Court of Appeal decision in Lyman v. Town of Sunset, 500 So.2d 390 (La.1987). In that opinion, the Court held that the prescriptive period found in La.R.S. 9:5624 was applicable to this action, and that that prescriptive period had run before plaintiffs filed suit.
On November 7, 1988, the defendant, Gloria Smith, filed an exception of prescription. The trial court granted the exception and gave written reasons. The plaintiffs appeal.
The plaintiffs argue that the trial judge improperly applied the prescriptive period in La.C.C. art. 3492. The plaintiffs further argue that the prescriptive period found in La.R.S. 9:5624 should apply to this action and that the 1987 amendment of La.R.S. 9:5624 should be applied retroactively so as to extend the prescriptive period with the effect that their cause of action against Gloria Smith would not have been barred by prescription.
Until 1987, La.R.S. 9:5624 provided as follows:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained."
In 1987, La.R.S. 9:5624 was amended to read as follows:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works."
Two questions are raised by this amendment:
1) Is this amendment to be applied retroactively? and;
2) If so, what effect does this have on the prescriptive period applicable to the plaintiffs' action against Gloria Smith?
The general rule is that laws of liberative prescription are to be retroactively applied. Lagraize v. New Orleans Armature Works, 387 So.2d 687 (La.App. 4th Cir.), writ denied, 394 So.2d 615 (La. 1980). Under this rule, La.R.S. 9:5624 would be applied retroactively.
However, the court in Anadarko Production v. Caddo Parish School Board, 455 So.2d 699, 701 (La.App. 2nd Cir.), writ denied, 460 So.2d 610 (La.1984), stated that:
"Statutes which either shorten or extend the period of prescription have been held subject to the legislative power as long as the period of time provided by the statute has not elapsed to make the prescriptive "bar" complete. Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The right to the effect of the prescription is not considered as "vested" until the period is completed, and before the period is completed, that right may *1173 be affected or destroyed by legislative enactment suspending or interrupting the period. Calvit v. Mulhollan, 12 Rob. 266 (La.1845)."
In order to determine whether the effect of prescription had "vested" before the amendment, we will apply the rule enunciated in Henson v. St. Paul Fire and Marine Ins. Co., 354 So.2d 612 (La.App. 1st Cir.1978), writ granted 356 So.2d 1006 (La. 1978) aff'd., 363 So.2d 711 (La.1978), at p. 616 as follows:
"The general rule is that when a prescriptive period is changed "the time which preceded the change of legislation or altering the period of prescription, should be reckoned according to the ancient law, and that which followed according to the new law." Goddard's Heirs v. Urquhart, 6 La. 659, 674 (1834), accord 1 Planiol, Treatise on the Civil Law, § 248 (translation by the Louisiana State Law Institute, 1959). This solution is very equitable. In the absence of an express legislative intent to the contrary, we believe it is the rule to be followed."
See also: Lagraize v. New Orleans Armature Works, supra.
In this case, the amendment to La. R.S. 9:5624 was not made until well after suit was filed. Since the filing of suit interrupts the running of prescription, the old law alone will apply to determine whether prescription had run.
Therefore the Supreme Court's finding with regard to the Town of Sunset's exception of prescription is equally applicable in this case. In its decision in Lyman v. Town of Sunset, supra, the Court determined the facts pertinent to prescription, which are the same in this case, to be as follows:
"In April of 1979, Mr. Lyman purchased land for development of Bloomfield Estates Subdivision. The property was located near the Town of Sunset, Louisiana. In September of 1980, the Town of Sunset entered into an agreement with Gloria Smith to lease a tract of land for a term of three years for the purpose of establishing a landfill. This lease was recorded in the public record of St. Landry Parish on September 9, 1980. The leased property was adjacent to Bloomfield Estates Subdivision. In September or October of 1980, plaintiff commenced development of the subdivision. Lyman testified he first became aware of dumping at the landfill near the end of 1980 or beginning of 1981. He also stated he was aware of the continued operation of the landfill through July of 1982. He could not state whether the operation continued during the month of August 1982 because he did not look at the landfill site during the one or two visits he made to his development during the early part of that month.
Lyman, individually and as the principal involved in the other plaintiff entities, filed suit on August 19, 1983, more than two and a half years after he first knew of the landfill operation, and one year and approximately three weeks after the operation had ceased. He alleged the presence of the landfill had diminished the property's value and ruined efforts to develop and market the subdivision. He also alleged public interest in the subdivision diminished as soon as the land was leased for use as a dump site."
The Court further discussed the time from which prescription is held to begin to run under La.R.S. 9:5624:
"The statute declares that an action for `any and all damages' must be brought within two years from the time `damages are sustained.' The purpose of the statute is to limit the exposure of the state and its political subdivisions to liability in connection with the construction of public works to a reasonable period of time. The language employed when construed in light of the purpose of the statute precludes any suit being brought after two years from the first occurrence of any damage after the completion of the public works. ([Nuckolls v. Louisiana State Highway Department,] 337 So.2d [313] at p. 315) [ (La.App.2nd Cir.)]
This language from Nuckolls has been cited with approval by the First and *1174 Third Circuits when applying, R.S. 9:5624. See Carbo v. Hart, 459 So.2d 1228 (La.App. 1st Cir.1984), writ denied; Broussard v. Booth, 446 So.2d 974 (La. App. 3d Cir.1984), writ denied; Boudreaux v. Terrebonne Parish Policy Jury, [422 So.2d 1209 (La.App. 1st Cir. 1982)], supra.

In these cases, damage to private property was a necessary consequence of the public purpose making 9:5624 applicable. In each case the two-year prescription was held to have run from the first occurrence of damage after completion of the public work.
In this case, the alleged damage to private property was a necessary consequence of the operation of the landfill. Clearly R.S. 9:5624 applies. Under the language of R.S. 9:5624, it is important to determine when the landfill was completed and when damage was sustained."
Lyman v. Town of Sunset, supra, 500 So.2d at p. 392 citing Nuckolls v. La. State Highway Department, 337 So.2d 313 (La. App. 2nd Cir.1976).
Applying this to Mr. Lyman's cause of action, the Court concluded that:
"It is clear the landfill was being utilized at latest in January of 1981. Lyman testified he was aware of this fact. He alleged the very presence of the landfill diminished the value of his property and thwarted his efforts to develop the subdivision. In his original petition, he claimed public interest in the subdivision diminished from the time the lease of land for the project was signed in September of 1980. We believe the existence of the landfill and the commencement of its operation was the pivotal point at which damages were sustained by plaintiffs. Lyman, himself, believed this to be true. This occurred by January of 1981. Plaintiffs allowed their action to prescribe by delaying until August 19, 1983 the filing of this action."
Lyman v. Town of Sunset, supra, 500 So.2d at p. 393.
Under the circumstances we cannot find otherwise. Prescription had already run on the plaintiffs' cause of action under the old law at the time suit was filed. As a result, the effect of prescription had "vested" well before the amendment came into effect. Anadarko Production v. Caddo Parish School Board, supra.
Accordingly, we affirm the judgment of the trial court. Costs of this appeal are to be paid by the plaintiffs-appellants.
AFFIRMED.