Dear Mr. Hollins:
This office is in receipt of your recent opinion request where you provide the following issue for our review:
 Can an appointed officer to the State Board of Pardons also serve as a part-time teacher at the University of Southwestern Louisiana?
LSA-R.S. 15:572.1(A), provides that all appointments to the State Board of Pardons are made by the governor. LSA-R.S. 15:572.1
also provides the following relevant language:
 F. Each member of the board shall devote full time to the duties of his office, and shall be prohibited from holding any elective, appointive, or public employment; or from engaging in any private business or employment which is in conflict with his duties as a member of the board.
This language is very specific in declaring that a member of the State Board of Pardons must devote himself full time to the duties of his office and is further prohibited from holding any public employment. Holding part-time employment as a teacher at the University of Southwestern Louisiana would be classified as public employment. Therefore, based on LSA-R.S. 15:572.1 (F), the individual described in the opinion request would be prohibited from holding these positions simultaneously.
LSA-R.S. 42:66 provides the exemptions under the dual officeholding statute. Subsection (B) provides in pertinent part that:
 Nothing in this part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Applying the language of subsection (B), an individual could serve both capacities as a member of the State Board of Pardons and also hold employment as a part-time teacher at the University of Southwestern Louisiana. However, under the statutes which govern the State Board of Pardons, the Louisiana Legislature has specifically provided that a member must devote his full time to the duties of the board and therefore such a member shall be prohibited from any public employment. The phrase "any public employment" would mean full time as well as part time employment.
As stated in Lyman v. Town of Sunset, 500 So.2d 390 (La. 1987); Smith v. Cajun Insulation, Inc., 392 So.2d 398
(La. 1980), it is a well established principal of statutory interpretation that when two conflicting statutes are applicable to the same situation, the one more specifically directed to the matter at issue must prevail as an exception to the more general statute. In accord is Attorney General Opinion 77-1298.
Therefore, based on the specific language provided in LSA-R.S.15:572.1 (F), an individual who is a member of the State Board of Pardons shall be prohibited from any public employment. LSA-R.S.15:572.1 is controlling as the more specific statute as compared to the statutes provided under the dual officeholding law. If you should have any further questions regarding this matter, please advise this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: October 2, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL