265 So.2d 804 (1972)
Ebbie PERKINS et al., Plaintiffs-Appellants,
v.
Ernest SIMON et al., Defendants-Appellees.
No. 3887.
Court of Appeal of Louisiana, Third Circuit.
August 4, 1972.
Rehearing Denied September 13, 1972.
*805 Pegues & McReynolds, by Wilbert E. McReynolds, Hall & Coltharp, by H. O. Lestage, III, DeRidder, for defendant and 3rd party plaintiff-appellee.
Brame, Stewart & Bergstedt by John E. Bergstedt, Lake Charles, for 3rd party defendant-appellee.
Plauché, Smith & Hebert, by James R. Nieset, Lake Charles, for defendant-exceptor.
Davidson, Meaux, Onebane & Donohoe, by L. Lane Roy, Lafayette, for defendant-appellee.
Ted R. Broyles, Leesville, for defendant-appellee.
Hall, Raggio & Farrar (Richard B. Cappel), Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
Ebbie Perkins and his mother, Mrs. Mabel Perkins, instituted this suit for property damages allegedly sustained by them as the result of negligent acts of employees of some of the defendants while constructing a housing project. Defendants are: Ernest Simon and G. A. Simon, d/b/a Ernest Simon and Son (the general contractor on the housing project); City of DeRidder; Housing Authority of the City of DeRidder; Rasberry and Clark, Inc. (contractor for street, water and sewer improvements in DeRidder); Fidelity and Deposit Company of Maryland (surety on Simon and Son's performance bond); and United States Fidelity and Guaranty Company (liability insurer of Simon and Son).
A third party demand was filed by defendants Simon and Son, Fidelity and U.S.F. & G., against Aetna Casualty and Surety Company, the latter being the liability insurer of Bertrand & Willis, Inc., a subcontractor of Simon and Son. Aetna thereupon filed a third party demand against Stowill, Inc., a subcontractor of Bertrand & Willis, and its liability insurer, Employers Commercial Union Insurance Company.
Pleas or exceptions of prescription of one year were filed by all defendants in the principal action and by all third party defendants. Judgment was rendered by the trial court sustaining these exceptions of prescription, dismissing plaintiffs' demands, and dismissing all third party demands. Plaintiffs have appealed.
Answers to the appeal were filed by Simon and Son, Fidelity, U.S.F. & G. and Aetna, seeking reversal of the judgment dismissing their third party demands in the *806 event this court overrules the exceptions of prescription which were filed in opposition to plaintiffs' original demands.
The issues presented are: (1) Whether the actions instituted by plaintiffs are subject to prescription of one year, as provided in LSA-C.C. arts. 3536 and 3537, or by prescription of two years, as provided in LSA-R.S. 9:5624; and (2) when the alleged damages were sustained, and thus whether this suit was instituted within the appropriate prescription period.
The instant suit was filed on September 24, 1970. Two separate causes of actions have been alleged. One is for damages to a lot of land owned by Ebbie Perkins, and the other is for damages to another piece of property owned by Mrs. Mabel Perkins. Plaintiffs pray that separate judgments be rendered awarding each of them the damages he claims.
In 1969, Ebbie Perkins owned a house and lot fronting on Magnolia Street in the City of DeRidder, which he used as rental property. In April of that year, Simon and Son contracted with the Housing Authority of the City of DeRidder to build a low rent housing complex in an area which was near the Perkins house and lot. Plaintiffs allege that in performing the work required by that contract Simon and Son, or its employees or subcontractors, loosened and disturbed large amounts of soil on the streets and on property having a higher elevation than the lot which Perkins owned. Perkins contends that during late September or early October, 1969, a fire hydrant was negligently broken by an employee of one of the defendants, that water was allowed to flow for about three weeks, and that this water, along with seasonal rains, caused soil and sand to wash down Magnolia Street and on the property owned by him. He claims that this rendered his property uninhabitable, causing loss of value to the property and loss of rents, which he specifically itemizes and demands as damages.
The evidence shows that a fire hydrant was broken near the Ebbie Perkins property in 1969, but the testimony of witnesses is conflicting as to when this incident occurred. After reviewing all of the evidence, we conclude that the fire hydrant was broken on or immediately prior to May 7, 1969, and that it was repaired by the City of DeRidder on May 17, 1969. The evidence shows that on or about May 7, 1969, Freddie Stoot, president of Stowill, Inc., while operating a bulldozer for that corporation, caused the bulldozer to strike and to break the fire hydrant. A dispute arose between the City and the contractor as to who should repair the break, and because of that dispute there was a delay in making the necessary repairs. The broken hydrant eventually was repaired by the City on May 17, 1969, however, and the hydrant has not been broken since that time. The work performed by Stoot or by Stowill, Inc., was completed on June 9, 1969, and neither Stoot nor the corporation performed any work in that area after that date. Any damage which plaintiff may have sustained as a result of the breaking of a hydrant, therefore, occurred on or before May 17, 1969.
Perkins produced evidence establishing that United Gas Company discontinued gas service to the Perkins property on November 18, 1969. He contends that this shows that the property was occupied by a tenant up to the last mentioned date, and he reasons that the water damage must have occurred about that date because the house was rendered uninhabitable by that damage. He also testified at the trial that there were two incidents in which water damage occurred, but he was indefinite as to the date of the second such incident. He testified, "I don't know for sure, but it was a couple of weeks, anyhow, or a week, when I came back and it was running again," and that ". . . . between the times I imagine it was about two weeks or a week, before I came back out there."
The trial judge obviously accepted the testimony presented by exceptors and *807 concluded that the damage to Ebbie Perkins' property occurred more than one year before this suit was instituted. We agree with that finding. We do not feel that the evidence relating to the discontinuance of gas service, or as to the occurrence of a second incident in which water damage was done, is sufficient to establish that the fire hydrant was broken in November, 1969.
Perkins also contends that under the continuing tort theory prescription would not begin to run against his action for damages until sometime after November 18, 1969, because the injury which he sustained was continuous at least up to that date. We find that the continuing tort theory is not applicable here. In order for that theory to apply, the operating cause of the injury complained of must be a continuous one. Defendants concede that the flow of water from the broken hydrant continued for a few days after the break occurred, but they point out that the water ceased to flow on May 17, 1969, when the hydrant was repaired by the city, and that no further water damage occurred after that date. They argue, therefore, that even under the continuing tort theory the prescriptive period began to run on May 17, 1969. We agree that the prescriptive period began to run on the last mentioned date.
Our conclusion is that the damage to Ebbie Perkins' property occurred on or before May 17, 1969. This suit was instituted on September 24, 1970, which was more than one year after that damage was sustained.
In 1969, Mrs. Mabel Perkins was the owner of a house and lot located adjacent to her son's property in the City of DeRidder. Her property also fronted on Magnolia Street. Mrs. Perkins contends that during the construction of the housing project and the streets in that area, an employee of Simon and Son or of Rasberry and Clark, Inc., negligently drove heavy equipment into a fence and some shrubbery on her property, causing damage to that property.
Mrs. Perkins testified that her property was damaged on two different occasions. The first damage was done, according to her testimony, when a truck loaded with bricks ran upon her property and "tore my fence down." She stated that that damage occurred around Easter, 1969, about the time her son's property was damaged. We have determined that her son's property was damaged on or before May 17, 1969, which was more than one year prior to the time this suit was filed.
Mrs. Perkins also testified, however, that her property was damaged a second time while the houses in the project were being built. She said that at that time "one of those big old caterpillars" ran on her property, tore the fence off the posts and tore up her grass. She was indefinite as to when this second incident occurred. The other evidence shows, however, that caterpillars were used to clear, level and grade property in connection with the housing project by Bertrand and Willis, Inc., and by Stowill, Inc. The last work done by Stowill was on June 9, 1969, and the last work done by Bertrand and Willis was on August 28, 1969. This suit was filed more than one year after either of these dates.
We find no error in the factual conclusion of the trial judge, therefore, that this suit was filed more than one year after the damages alleged by Mrs. Perkins were sustained.
Plaintiffs contend that the applicable prescriptive period here is two years, under LSA-R.S. 9:5624, which provides:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the *808 prescription of two years, which shall begin to run when the damages are sustained."
The two year prescriptive period therein provided is applicable only when the damage to private property is the intentional and necessary result or consequence of the construction work incidental to a public purpose. It is not applicable to a claim for damages resulting exclusively from the negligent acts or omissions of the principal, or its agents or employees. Florsheim v. Department of Highways, 201 So.2d 155 (La.App. 2 Cir. 1967); Miller v. Colonial Pipeline Company, 173 So.2d 840 (La.App. 3 Cir. 1965); Angelle v. State, 212 La. 1069, 34 So.2d 321 (1948).
The damages claimed by plaintiffs in this suit were not the intentional and necessary consequence of the construction work which was being performed incidental to a public purpose. It was not necessary or intended that the fire hydrant be broken or that a truck or caterpillar tractor run upon Mrs. Perkins' lawn. According to the pleadings the alleged damages resulted solely from the negligence of agents or employees of some of the defendants. Our conclusion is that prescription of one year, as provided in LSA-C.C. arts. 3536 and 3537, is applicable here. The two year prescriptive period provided in LSA-R.S. 9:5624 is not applicable.
We find no error in the judgment of the trial court sustaining the pleas of prescription which were filed here, and in dismissing plaintiffs' suit and the third party demands.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.