558 So.2d 259 (1990)
Sylvia D. LeBLANC, et al., Plaintiffs-Appellants,
v.
CITY OF LAFAYETTE, Defendant-Appellee.
No. 88-1188.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
*260 Sandiz, Sandoz, Lawrence B. Sandoz, Leslie J. Schiff, Anne Watson, Opelousas, for plaintiffs-appellants.
Voorhies & Labbe, H.D. Melton III, Cyd S. Page, Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns damages as a result of a municipal landfill. Plaintiffs filed suit against the defendant, City of Lafayette (City), for damages from the construction and operation of a municipal landfill in close proximity to their properties. After a trial on the merits, the trial court granted the defendant's exception of prescription regarding the property damage claim and awarded plaintiffs general damages resulting from the operation of the landfill. Plaintiffs appeal and contend the trial court erred in: (1) sustaining the exception of prescription as to the property damage claim; and (2) awarding an unreasonably low amount of general damages. Finding that plaintiffs' claim for property damages had prescribed, we affirm.

FACTS
In May of 1980, the municipal landfill on North Dugas Road began operations and receiving solid waste. On August 12, 1980, and August 15, 1980, respectively, the City executed a resolution of completion and a notice of acceptance pertaining to the municipal landfill.
On February 18, 1985, plaintiffs, Sylvia D. LeBlanc, Forrest J. Dugas, Frances C. Mequet, Gloria D. Domingue Gerard, Donna D. Hagan, Kenneth Joseph Dugas, Charles R. Dugas and Larry Jenkins filed suit against the City for special and general damages arising out of the nauseating odors, the abundance of flies in the area, the loose trash scattered near the landfill, the interference with the natural drainage of the area, the constant noise of heavy machinery in the landfill and the disgusting appearance of exposed garbage at the landfill.
Evidence adduced at trial reveals that the landfill is located in Lafayette Parish outside the City of Lafayette. The landfill measures approximately 80 acres and consists *261 of several borrow pits/ponds[1] with a three foot levee encircling the entire landfill site. Coulee Miene runs through the landfill site but not near any of the landfill activity. The landfill is approximately 60 feet high at its highest point. In May 1988, the landfill ceased operations and closed.
Plaintiffs testified at length regarding the problems caused by the landfill. Forrest J. Dugas testified that flooding problems exist on Shantelle Road near the entrance of the landfill. He attributes the flooding to the inadequate bridge (which consists of two buried culverts) erected over Coulee Miene. The culverts restrict the flow of the water, thereby, causing the runoff to back up and flood his and other plaintiffs' land. The roads leading to the landfill have many potholes and are covered with litter. Flies and insects are numerous and a southerly wind carries a nauseating odor over the plaintiffs' lands. Although he does not live on the land, Forrest is aggravated over the problems associated with the landfill and the diminished value of his property.
Frances C. Mequet testified that the roads near the landfill have many potholes and are covered with mud during rains. The ditches are littered with trash and mosquitos thrive because of stagnant water in the landfill.
Charles R. Dugas observed flies everywhere around the landfill and elaborated about the noise problems associated with the landfill operations. He explained that because of the heavy garbage truck traffic, Shantelle Road has many potholes and trash litters the sides of the road.
Larry Jenkins also spoke of the bad odor, the abundance of rats and the excessive noise. Donna Dugas Hagan, Kenneth Joseph Dugas and Gloria D. Domingue Gerard testified as to the nauseating smell from the landfill, the trash on the adjacent roads, the stray animals and the noisy machinery. Lastly, Sylvia Merline LeBlanc testified as to the excessive dust from the landfill, the continuous noise from 4:30 a.m. to 6:00 p.m., the litter problem, the nauseating smell, the repeated flooding, and the poor taste and smell of her tap water.
Testimony elicited from Paul Miller, an assistant administrator from the Department of Environmental Quality, reveals that his agency inspected the landfill numerous times between 1983 and 1988 because of frequent complaints. The agency rendered numerous compliance orders but the first violation and penalty were not issued until January of 1988.
After a trial on the merits, the City filed an exception of prescription contending the plaintiffs' claims had prescribed pursuant to LSA-R.S. 9:5624 and Lyman v. Town of Sunset, 500 So.2d 390 (La.1987). The trial court ruled that the claim for property damages had prescribed since plaintiffs had begun to sustain property damage prior to February, 1982 and had not filed suit until February 18, 1985. Regarding the claim for general damages, the trial court ruled that LSA-R.S. 9:5624 applies only to claims for damages to private property, and, as a result, the claim for general damages had not prescribed. The trial court awarded $34,000 to the plaintiffs.
Plaintiffs contend that the trial court erred in sustaining the exception of prescription regarding the property damage claim. Plaintiffs argue that LSA-R.S. 9:5624, as amended in 1987, is applicable to the facts presented rather than the former LSA-R.S. 9:5624. We disagree.
It is well settled law that procedural and interpretative laws apply both prospectively and retroactively, unless there is a contrary legislative expression. La.C.C. Art. 6; Doyle v. St. Patrick Hosp., 499 So.2d 704 (La.App. 3rd Cir.1986), writ denied, 503 So.2d 478 (La.1987). Prescriptive laws are remedial in nature and as such are generally accorded retroactive application. Lott v. Haley, 370 So.2d 521, 523 (La.1979); Doyle, supra.
*262 However, exceptions to the general rule of retroactivity for prescription statutes include instances where retroactive application would strip a party of a vested right or retroactive application would revive an already prescribed cause of action. Hall v. Hall, 516 So.2d 119 (La.1987); Brown v. Reese, 532 So.2d 187 (La.App. 2nd Cir. 1988); Splane v. Tubre, 6 So.2d 361 (La. App. 1st Cir.1942).
In its pre-amendment form, LSA-R.S. 9:5624 stated:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained." (Emphasis added.)
In 1987, LSA-R.S. 9:5624 was amended to read:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." (Emphasis added.)
In the case sub judice, the municipal landfill began operations in May of 1980. Forrest J. Dugas testified that shortly after the landfill opened, flooding problems began. By February 1982, the property values of plaintiffs' lands decreased due to poor road conditions, fallen trash on the sides of the roads leading to the landfill, large areas of uncovered waste, nauseating odors near the landfill site and stagnant water in the ditches adjacent to the municipal landfill.
Jerry Trumps, Director of Public Works for the City of Lafayette, testified that as late as 1981 his department sprayed the landfill with a deodorizer for the nauseating odor and spread fly bait to reduce the fly population.
Since plaintiffs sustained the property damage by February 1982, it was incumbent upon them to file suit by February 1984 to interrupt prescription.[2] Failure to file suit within the prescribed period vested the City with the right to the effect of prescription. Anadarko Production Company v. Caddo Parish Sch. Bd., 455 So.2d 699 (La.App. 2nd Cir.1984), writ denied, 460 So.2d 610 (La.1984), cert. dismissed, 470 U.S. 1075, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985).
In Ayo v. Control Insulation Corp., 477 So.2d 1258, 1260 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1349 (La.1986), our brethren stated:
"In Louisiana, the lapse of time necessary to prescribe vests a right in the party in whose favor it has run. The right to the effect of the prescription is not considered as `vested' until the period is complete, and before the period is completed, that right may be affected or destroyed by legislative enactment suspending or interrupting the period. Prescription, once acquired, like any other vested right, retains its virtue until lost or affected by some act of the person who has acquired it." (Citations and footnote omitted.)
Although the amendment to LSA-R.S. 9:5624 applies both prospectively and retroactively, it cannot apply retroactively to disturb a party's preexisting right. Lott, supra.
The amended statute cannot revive plaintiffs' prescribed cause of action and, as a result, the trial court did not err in sustaining the City's exception of prescription.
Plaintiffs further contend that under the amended statute "after the completion" means when the landfill has closed and, therefore, prescription did not begin to run until 1988. We will not have to address this contention since we have determined that the amended statute cannot revive plaintiffs' prescribed cause of action.
Plaintiffs also contend the trial court erred in awarding an unreasonably low amount of general damages.
*263 Courts may award general damages for the discomfort and inconvenience associated with landfill operations. Acadian Heritage Realty v. City of Lafayette, 434 So.2d 182 (La.App. 3rd Cir.1983), writ denied, 440 So.2d 733 (La.1983). Absent an abuse of discretion, an award of damages will not be disturbed. Reck v. Stevens, 373 So.2d 498 (La.1979).
Evidence adduced at trial reveals that only two of the eight plaintiffs actually live on their respective lands near the municipal landfill. Sylvia D. LeBlanc and Gloria D. Domingue Gerard indicated that they live in close proximity to the municipal landfill. All other plaintiffs indicated that, although they periodically visited their respective lands, they have never resided on their lands during the existence of the municipal landfill.
The trial court awarded $10,000 to Sylvia D. LeBlanc and $6,000 to Gloria D. Domingue Gerard. All of the non-resident plaintiffs were awarded $3,000 each in general damages. Based on the evidence, we cannot say that the trial court was manifestly erroneous in its award of damages. Acadian Heritage Realty, supra.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] Borrow pits/ponds are excavations in which the land is dug out and used to cover exposed garbage.
[2] We also reject plaintiffs' contention that the City's conduct was a continuing tort. Lyman, supra.