589 So.2d 1132 (1991)
David Paul SMALL, et al., Plaintiffs-Appellants,
v.
AVOYELLES PARISH POLICE JURY, et al., Defendants-Appellees.
No. 90-400.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
Rehearing Denied December 16, 1991.
Writ Denied February 21, 1992.
*1133 Patrick W. Pendley, Allen J. Miles, Plaquemine, and Gilda R. Small, Marksville, for plaintiffs-appellants.
Clark C. Roy, Marksville, Gist, Methvin, Hughes & Munsterman, Howard B. Gist III, David D. Lind, Alexandria, for defendant-appellee-Western World Ins.
W. Wayne Gaudin, Baton Rouge, for Angelica Cas.
Provosty, Sadler & deLaunay, Ron J. Fiorenza, Alexandria, for defendant-appellee Great Global Assur.
Bolen & Erwin, Gregory S. Erwin, Alexandria, for SW Fidelity Ins.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
Plaintiffs, residents of Tricia Park Subdivision in Avoyelles Parish, filed suit alleging they sustained property damages and personal injuries as the result of sewage backing up into their homes and yards from 1980 through 1989. Named as defendants are the Avoyelles Parish Police Jury, its insurers for those years and the Avoyelles Parish Sewerage District No. 2. The trial court dismissed plaintiffs' suit with prejudice after granting an exception of prescription and motions for summary judgment filed by various defendants. Plaintiffs have appealed.
Tricia Park, a single family residential subdivision just outside Marksville, was developed by Louis Foster. Plaintiffs, who purchased their homes between 1980 and 1984, testified they began experiencing problems with the sewerage system either immediately upon moving in or within months thereof. As early as 1984, they consulted an attorney and met with police jury members about the situation; however, they did not file suit until September 25, 1987.
Defendants contend plaintiffs' claims are governed either by the one year prescriptive period in La.C.C. arts. 3492 and 3493 or the two year prescriptive period in La.R.S. 9:5624, which applies when private property is damaged for public purposes. Because all plaintiffs reported sustaining their first incident of damages over two years before suit was filed, defendants argue all claims have prescribed. Plaintiffs contend that defendants' alleged conduct, the negligent operation and maintenance of an inadequate sewer system, amounts to a continuing tort, and under South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982), prescription did not begin to run until the tortious conduct abated in 1989, when the police jury installed the new sewerage system.
The trial court concluded the plaintiffs' claims have prescribed under La.R.S. 9:5624, as interpreted in the Supreme Court case of Lyman v. Town of Sunset, 500 So.2d 390 (La.1987).
When plaintiffs first sustained damages, La.R.S. 9:5624 provided:
When private property is damaged for public purposes any and all actions for *1134 such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.[1]
In Lyman, a subdivision developer filed suit against the Town of Sunset, alleging the town's operation of a landfill adjacent to his property diminished the value and marketability of the subdivision development. The landfill had been in operation since January of 1981, but the developer did not file suit until August of 1983.
The Supreme Court in Lyman affirmed this court's dismissal of the plaintiff's suit based upon the two year prescription of La.R.S. 9:5624. In Lyman, the Supreme Court held that La.R.S. 9:5624 applies when the alleged damage to private property is a necessary consequence of a public purpose. In that case, the public purpose was the operation of a landfill. The Supreme Court in Lyman also declined to apply the continuing tort doctrine of South Central Bell v. Texaco, supra, to situations governed by La.R.S. 9:5624, i.e., when private property is damaged for public purposes, citing Nuckolls v. Louisiana State Highway Department, 337 So.2d 313 (La.App. 2d Cir.1976).
Plaintiffs argue La.R.S. 9:5624 applies only when private property is damaged during the construction phase of a public purpose project. Because their damages were caused by the operation and maintenance of the sewerage system, and not its construction, they contend this case is governed by the Civil Code articles and jurisprudential rulings on the one year liberative prescriptive period. We disagree. Lyman specifically applied La.R.S. 9:5624 to a case where damages were caused by the operation of a public purpose project. Although the statute has been amended since the Lyman decision (see footnote no. 1), we conclude this amendment relates only to the period of time within which a plaintiff must file suit.
Plaintiffs also cite the recent case of Roberts v. Murphy Oil Corporation, 577 So.2d 308 (La.App. 4th Cir.1991), writs denied, 580 So.2d 670, 673 (La.1991) to support their argument that La.R.S. 9:5624 is inapplicable to the instant case because their damages were not an intentional and necessary consequence of the operation of an adequate sewerage system. Roberts, however, does not concern the operation of a public project such as the landfill in Lyman or the sewerage system in the instant case. We find the facts of Lyman are closer to those alleged herein, and as a Supreme Court decision, we are bound to apply it.
However, we do find merit in plaintiffs' argument, advanced for the first time on appeal, that La.R.S. 9:5624 applies only to claims for property damages.[2]
In addition to property damages, the plaintiffs in this case, unlike in Lyman, have alleged general damages consisting of inconvenience, embarrassment, mental suffering and physical injuries caused by the police jury's operation of the sewerage system. Similarly, in LeBlanc v. City of Lafayette, 558 So.2d 259 (La.App. 3d Cir. 1990), the plaintiffs alleged both special and general damages caused by the city's operation of a landfill. The trial court in LeBlanc awarded general damages to compensate plaintiffs for the noxious odors, loud noises, etc. produced by the landfill, even though the court ruled that the plaintiffs' claims for diminution in the value of their property had prescribed under La.R.S. 9:5624. The defendants did not appeal the award for general damages, which we subsequently affirmed.
*1135 La.R.S. 9:5624 is applicable when private property is damaged for public purposes. The statute states that "any and all actions for such damages" are prescribed in two years from the date of the completion and acceptance of the work. Nothing in the language of La.R.S. 9:5624 or in the jurisprudence interpreting it indicates that this statute should be applied to anything but property damages. In LeBlanc, the trial court and this court correctly declined to apply the statute's two year prescriptive period to claims for general damages. Accordingly, we find the prescriptive period governing these plaintiffs' general damage claims is contained in La.C.C. art. 3492, which is subject to the continuing tort doctrine established in South Central Bell Telephone Company v. Texaco, Inc.
For the above and foregoing reasons, the judgments of the trial court sustaining defendants' exception of prescription and motions for summary judgment are affirmed insofar as they pertain to plaintiffs' claims for property damages, but are reversed insofar as they pertain to plaintiffs' claims for general damages, and accordingly, this case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
Costs of this appeal are assessed one-half to plaintiffs and one-half to defendants.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The trial court did not discuss the 1987 amendment to La.R.S. 9:5624, which now reads:

When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works. (Emphasis added.)
However, the trial court properly applied the statute as it read before this amendment. Although prescriptive laws are remedial in nature and as such are generally accorded retroactive application, an amended statute cannot operate retroactively to revive a prescribed cause of action. See LeBlanc v. City of Lafayette, 558 So.2d 259 (La.App. 3d Cir.1990) and Lyman v. Town of Sunset, 567 So.2d 1171 (La.App. 3d Cir.1990), writ denied, 571 So.2d 648 (La.1990).
[2] Our decision in LeBlanc v. City of Lafayette, 558 So.2d 259 (La.App. 3d Cir.1990) had not been handed down at the time the trial judge ruled on the exception and motions that are before us now.