683 So.2d 382 (1996)
W. Kurt WILSON, et ux
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 96 CA 0015.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
Writ Denied January 31, 1997.
George K. Anding, Jr., Baton Rouge, for Plaintiff-Appellee W. Kurt Wilson, et ux.
William T. Lowrey, Jr., and Gregory W. Smith, Baton Rouge, for City of Baton Rouge/Parish of East Baton Rouge.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
*383 LOTTINGER, Chief Judge.
This is an action for damages resulting from the erosion of land claimed by plaintiffs along the bank of a drainage canal situated at the rear of plaintiffs' property. From a judgment in favor of plaintiffs, defendants have appealed.

FACTS
The record reflects that W. Kurt Wilson and his wife, Diane Latil Wilson (hereinafter, "plaintiffs"), are the owners of Lot 1688 of Sherwood Forest South Subdivision, Seventeenth Filing, which has a municipal address of 1478 Stokely Place in East Baton Rouge Parish, Louisiana. The defendants, City of Baton Rouge and Parish of East Baton Rouge (hereinafter, "City-Parish"), have a drainage right-of-way adjacent to, and to the rear of, the lot owned by plaintiffs. This right-of-way was sold to the Parish of East Baton Rouge by plaintiffs' ancestors in title, Flannery, Inc. and Westdale Woods, Inc., on July 2, 1958. Around 1960, the City-Parish, in accordance with plans and specifications prepared by the Louisiana Department of Public Works, constructed within this right-of-way, a drainage canal known as Lateral A-1 of Lively Bayou. Approximately fifteen years after the construction of said canal, plaintiffs purchased the lot in question from Millburn, Inc., a successor in title to Flannery, Inc. and Westdale Woods, Inc., on November 10, 1975, and built a home thereon in 1975-76.
In this action, plaintiffs claim that approximately a year and a half after the construction of their home, and throughout the intervening years until early 1991, they experienced the gradual erosion of the bank of the adjacent drainage canal. This continuous erosion ultimately consumed, in certain spots, all of the right-of-way granted in 1958 by Flannery, Inc. and Westdale Woods, Inc., as well as portions of a fifteen foot servitude running across the rear of plaintiffs' property[1]. At trial, Mr. Wilson testified that he spoke to dozens of City-Parish officials about the erosion problem, and being unsuccessful, eventually contacted the office of then Mayor-President, Pat Screen. Mr. Wilson later received a letter from Mayor Screen's office dated July 7, 1982, which advised that the magnitude of this erosion problem far exceeded the capabilities of the city's maintenance division insofar as work force and budget. Mr. Wilson further testified that while he felt the erosion problem was the city's responsibility, he realized, upon receipt of this correspondence, that the city did not have the funds necessary to correct the problem.
Mr. Wilson testified that he took no further action until 1987 when the problem became much worse. Later, in a letter to Pat Screen dated March 16, 1987, Mr. Wilson, through his attorney, threatened to take legal action if the city did not take steps to alleviate the erosion problem. Plaintiffs instituted this action against the City-Parish two years later on May 3, 1989, setting forth claims in both negligence and strict liability under La.Civ.Code art. 667. It appears from the record that no action was ever taken with regard to the erosion problem until Mr. Wilson had repair work done by Woodrow Wilson Construction Company in early 1991.[2] The City-Parish answered the petition and filed a third-party demand against the State of Louisiana for negligent design and/or construction of the improvements to Lateral A-1 of Lively Bayou in 1959. Through an amended petition, plaintiffs named the State as an additional defendant.

ACTION OF THE TRIAL COURT
Exceptions raising the objections of no right and no cause of action, vagueness and prescription were urged on behalf of the State, but were denied by the trial court. During the trial, the City-Parish also asserted an exception as to prescription; however, *384 this exception was similarly denied by the trial court in its reasons for judgment.
At the close of the evidence, the trial court granted the State's Motion for Involuntary Dismissal as to both the main demand and the third party demand. The trial court took the remaining issues under advisement, and after reviewing briefs submitted by the parties, rendered judgment in favor of plaintiffs and against the City-Parish, in the amount of $30,607.00[3] together with legal interest from the date of judicial demand and all costs. From this judgment, the City-Parish appeals.
On appeal, the City-Parish raises various assignments of error, including prescription. Because the prescription question, if valid, will render the remaining issues moot, we will address this issue first.

PRESCRIPTION
In the present action, plaintiffs seek to recover damages from the City-Parish for negligently failing to maintain and/or repair the drainage canal situated at the rear of plaintiffs' property. On appeal, the City-Parish reasserts that the applicable prescriptive period for such damages is La.R.S. 9:5624. That statute, prior to its amendment in 1987[4], provided:
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.
In response, plaintiffs argue that La. 9:5624 applies only where the damage to private property is "intentional and publicly necessary" for some public purpose, such as expropriation. Plaintiffs further cite Perkins v. Simon, 265 So.2d 804, 808 (La.App. 3rd Cir.1972), for the proposition that La.R.S. 9:5624 "is not applicable to a claim for damages resulting exclusively from the negligent acts or omissions of the principal, or its agents and employees."[5] Plaintiffs contend that the erosion of their property would not have been the intentional or necessary result of the construction of the drainage canal if same had been properly performed. Accordingly, plaintiffs claim that the statute is not applicable to this claim.
The Louisiana Supreme Court, in Lyman v. Town of Sunset, 500 So.2d 390, 392 (La.1987), stated that La. 9:5624 was enacted because:
The legislature found it necessary to create an exception to La.Civ.Code art. 3492, by allowing two years for bringing suit when private property is damaged for public purpose. While allowing an additional year to bring suit, the statute serves to limit governmental exposure by requiring "any and all actions" must be brought within two years after damages are sustained.
The court went on to interpret the aforementioned statutory language in light of earlier jurisprudence by the courts of appeal, and concluded that La.R.S. 9:5624 is applicable in those cases where damage to private property was a necessary consequence of a public purpose. Id., at 393. The two-year prescriptive period was held to have run from the first occurrence of damage after the completion of the public work. Id., at 393.
In Lyman, the plaintiff, a subdivision developer, claimed that the town's operation of an adjacent landfill diminished the property value and marketability of his development; however, plaintiff delayed filing suit for more than two and a half years after he first knew *385 of the landfill operation, and one year and approximately three weeks after the operation had ceased. The supreme court in Lyman determined that the existence of the landfill, and the commencement of its operation, was the pivotal point at which the plaintiff's damages were sustained. Because plaintiff failed to file suit within the two-year period, his action for damages was held to have prescribed. Id., at 393.
More recently, in Small v. Avoyelles Parish Police Jury, 589 So.2d 1132 (La.App. 3rd Cir.1991), writ denied, 593 So.2d 374 (La. 1992), plaintiffs, who had purchased homes in a residential subdivision claimed damages due to the police jury's negligent operation and maintenance of an inadequate sewer system. While discussing this matter with an attorney as well as with members of the police jury, plaintiffs did not file suit for more than three years after first noticing the problem. Alleging that their damages were caused by the operation and maintenance of the sewerage system and not its construction, plaintiffs sought to avoid the two-year statute of limitations imposed under La.R.S. 9:5624. The court in Small applied the supreme court's decision in Lyman and held that La.R.S. 9:5624 applied to cases where damages were caused by the operation of a public purpose project. Small, at 1134.
Plaintiffs herein further claim the failure of the City-Parish to maintain and/or repair the drainage canal and constitutes a continuing tort. Citing South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982), plaintiffs claim that prescription did not begin to run until the tortious conduct and resulting damages abated in 1991 when they undertook remedial action themselves. In Lyman, our supreme court pointed out that South Central Bell did not involve damage of private property for public purposes, and specifically declined to extend the continuing tort rule of South Central Bell to such situations stating that to do so would undermine the purpose for which La. R.S. 9:5624 was enacted. Lyman v. Town of Sunset, 500 So.2d at 392.
The final point raised by plaintiffs is that if prescription commenced to run, promises made by the City-Parish to repair this problem served to interrupt prescription under a theory of contra non valentem agere nulla currit praescriptio. Contra non valentem is a jurisprudentially created exception to Civil Code article 3467 which provides that "[p]rescription runs against all persons unless exception is established by legislation." Miley v. Consolidated Gravity Drainage District No. 1, 93-1321, p. 6 (La.App. 1st Cir. 9/12/94), 642 So.2d 693, 697. In certain limited cases, Louisiana courts have recognized that prescription may be suspended where the plaintiff has been lulled into inaction by a defendant's misrepresentation. Id., at 697. In such cases, prescription is suspended until plaintiff is made aware of the truth of the matter. Id., at 698.
Even if we were to assume that contra non valentem applied to suspend the running of prescription, the record reflects that upon his receipt of then-Mayor Pat Screen's July 7, 1982 correspondence it became clear to Mr. Wilson that the City-Parish did not have the funds to correct this problem. Clearly, plaintiffs' action prescribed two years later in 1984, if not before. Plaintiffs did not institute the present action until May 3, 1989. Contra non valentem is inapplicable to these circumstances.
In light of the foregoing, it is the opinion of this court that plaintiffs' claims for damages caused by the City-Parish's operation and maintenance of the adjacent drainage canal are barred by the two-year prescriptive period contained in La.R.S. 9:5624.
This court is further aware that while our brethren on the Third Circuit, in Small v. Avoyelles Parish Police Jury, 589 So.2d 1132, 1135 (La.App. 3rd Cir.1991) writ denied, 593 So.2d 374 (La.1992), and earlier in LeBlanc v. City of Lafayette, 558 So.2d 259 (La.App. 3rd Cir.1990), have applied the two-year prescriptive period of La.R.S. 9:5624 to bar a plaintiff's claims for property damage, that court has specifically declined to apply the statute's two-year prescriptive period as a bar to general damages, stating that "[n]othing in the language of La.R.S. 9:5624 or in the jurisprudence interpreting it indicates that this statute should be applied to anything but property damages." Small, at *386 1135. We cannot agree, and decline to adopt that holding as the law in this circuit. Because La.R.S. 9:5624 expressly provides that "[w]hen private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years", we interpret this provision to mean that any and all claims for damages resulting from the public work must be filed within two years of the first occurrence of damage after the completion of the public work. (emphasis added).

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court as to the exception of prescription filed by the City-Parish is hereby reversed. Plaintiffs' claims for damages caused by the City-Parish's operation and maintenance of the adjacent drainage canal have prescribed under the two-year prescriptive period contained in La.R.S. 9:5624. Costs of this appeal are assessed against plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] This and other servitudes are reflected on the final plat of Sherwood Forest Subdivision, Seventeenth Filing, and are expressly dedicated thereon "to the perpetual use of the public for proper purposes including drainage, removal of sewage and all utilities."
[2] The record reflects that plaintiff Kurt Wilson is a twenty percent shareholder in Woodrow Wilson Construction Company, a family-owned business, specializing in commercial, municipal and highway construction.
[3] The record reflects that this sum represents an award to the Wilson's of $26,307.00 in special damages together with $4,300.00 in general damages.
[4] La.R.S. 9:5624 was amended by Acts 1987, No. 339, Section 1 to provide that the two-year prescriptive period shall begin to run after completion and acceptance of the public works. Although statutes of limitation are remedial in nature, and as such, are generally accorded retroactive application, retroactive application does not extend to revive previously time-barred causes of action. See, Chance v. American Honda Motor Co., Inc., 93-2582 (La. 4/11/94), 635 So.2d 177, 179.
[5] Perkins v. Simon, 265 So.2d 804 (La.App. 3rd Cir.1972) involved a claim by property owners for property damage allegedly sustained as a result of negligent acts of employees of some of the defendants while constructing a housing project.