11 WILLIAMS, J.-
The plaintiffs, Steve Pracht and Shade Tree Auto Parts, Inc., appeal a trial court’s grant of summary judgment in favor of the city of Shreveport, dismissing plaintiffs’ claims on the basis of prescription. For the following reasons, we affirm.
FACTS AND. PROCEDURAL HISTORY
The plaintiff, Steve Pracht, owns immovable property at 2624 Hollywood Avenue within the city limits of Shreveport, Louisiana. A concrete-lined drainage canal runs along the back and along one side of the property. The canal was constructed by the city of Shreveport. It is also owned and maintained by the city of Shreveport. Pracht is- the sole shareholder in Shade Tree Auto Parts, Inc., which conducts its business out of two separate structures on the immovable property. The main structure is a concrete and cinder-block building with a second attached structure in the rear made of metal. Although the business has been operated out of those two structures since March 8, 1980, Pracht did not purchase the property until June 24, 1991. Prior to his purchase of the property, his business was conducted there under a lease agreement.
Since 1991, the metal structure has flooded on a yearly basis due to overflowing of the drainage canal. On four separate occasions since 1991, the flooding has been severe enough to also flood the main structure: twice in April of 1991, a third time in 1998 and again at some time between 1991 and 1998. As a result of the flooding, the plaintiffs have experienced damage to their movable and immovable property. The soil under the property has been eroded away, causing damage to the *548 foundation of the |2buildings and to the parking lot including settlement of the foundation as a result of voids, collapse of areas of the parking lot and separation of the walls in the buildings. These damages occurred in varying degrees over time between 1991 and the time the instant suit was filed on May 9, 2001.
Pracht filed suit against the city of Shreveport alleging that it was liable for the damage occasioned on his property as a result of its failure to properly design, construct and maintain the drainage canal. He sued for actual physical damage done to the property and for lost profits to his business. The city filed an exception of no right of action on the claim for lost profits on the grounds that only Shade Tree Auto Parts, Inc. had such a right of action. Before the exception came for hearing, plaintiff filed an amended petition adding Shade Tree Auto Parts, Inc. as a plaintiff.
In answer to both the original and amended petition, the city of Shreveport set forth various affirmative defenses to the plaintiffs’ claims including the defense of prescription under LSA-R.S. 9:5624. After deposing Pracht, the city filed a motion for summary judgment on the basis of prescription. A copy of Pracht’s deposition, the act of sale by which he acquired the damaged immovable property and numerous pictures depicting the canal and the damaged property were attached to the motion.
The plaintiffs opposed the motion on the grounds that the doctrine of contra non valentem agere nulla currit prescriptio should be applied because of the repairs previously conducted by the city and the alleged assurances provided by the city to repair the damage. In support thereof, plaintiffs presented Pracht’s affidavit and correspondence between his ^attorney and the city’s office of risk management. The plaintiffs also argued that summary judgment should be denied because the damages incurred were not a necessary consequence of the public construction project, but were caused by the continuing negligence of the city in failing to repair the drainage canal.
Defendant filed a response refuting plaintiffs’ claims of the applicability of the doctrine of contra non valentem, as well as the “continuing tort” doctrine. There was no hearing on the motion. The trial court issued judgment based solely on the submitted memoranda and supporting documentation. It granted the motion for summary judgment, finding that plaintiffs’ claims were filed after the peremptory period in LSA-R.S. 9:5624 had elapsed. Plaintiffs’ claims were dismissed with prejudice. The plaintiffs appeal.
ASSIGNMENTS OF ERROR
While plaintiffs claim to make four assignments of error, there are really only three. Plaintiffs urge that the trial court erred in granting the motion for summary judgment because:
(1) LSA-R.S. 9:5624 was inapplicable to the claims;
(2) Plaintiffs’ claims constituted a continuing tort for which prescription had not run; and,
(3) The doctrine of “contra non valen-tem” was applicable under the evidence presented on the motion for summary judgment.
DISCUSSION
Plaintiffs’ claims are either governed by the prescriptive periods set[4forth in LSA-C.C. art. 8492 for the damage to their movable property and LSA-C.C. art. 3493 for the damage to their immovable property or by LSA-R.S. 9:5624 for all damages *549 resulting from the flooding of the drainage canal.[1]
LSA-C.C. art. 3492 provides:
Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
LSA-C.C. art. 3493 provides:
When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.
LSA-R.S. 9:5624 currently reads as follows:
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works. (Emphasis added.)
Prior to its amendment in 1987, however, LSA-R.S. 9:5624 read as follows:
When private property is damaged for public purposes any and all actions, for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained. (Emphasis added.)
^Applicability of LSA-R.S. 9:5624
According to the affidavit of Ali Mustapha, an assistant engineer with the Division of Operational Services for the city of Shreveport, construction of the Virginia Ditch was begun in July of 1955, and completed and accepted by the city of Shreveport in November 1955. The plaintiffs first noticed the damage to the property in approximately April of 1991. Therefore, under Section 5624, either in its present or previous form, the prescriptive period would have long expired before the filing of suit in the present case on May 9, 2001. Despite the assertions of the defendant to the contrary, however, we find that the current version of the statute would be applicable in the instant case if, as discussed herein below, the cause of action otherwise falls under the claims for which the legislature intended to limit governmental exposure.
Therefore, we must first determine whether the action brought by the plaintiffs is even subject to the prescriptive period provided in Section 5624. This court has previously recognized that the purpose of the legislature in adopting Section 5624 was to limit the exposure of the state and its political subdivisions “by requiring that any and all actions be brought within two years after damages are sustained.” Eubanks v. Bayou D’Arbonne Lake Watershed District, 32,334 (La. App.2d Cir.9/22/99), 742 So.2d 113. The prescriptive period applies when the damage to private property complained of is a necessary consequence of a public purpose. Lyman v. Town of Sunset, 500 So.2d 390 (La.1987). It does not apply when the act which caused the damages was not a necessary consequence or | ¿result of the public construction project. Eubanks, supra.
*550 The third circuit has held that the Lyman decision extends the prescriptive period provided in Section 5624 to those cases where damage is occasioned in the operation, as well as the construction, of a public purpose project. Small v. Avoyelles Parish Police Jury, 589 So.2d 1132 (La. App. 3d Cir.1991). The first circuit has gone one step further by extending the definition of operation to include those instances where it is alleged that the damage has resulted from public entities’ failure to maintain a drainage canal. Wilson v. City of Baton Rouge, 96-0015 (La.App. 1st Cir.11/8/96), 683 So.2d 382. As in the present case, in Wilson, supra, the plaintiffs were alleging that the city-parish had negligently maintained the drainage canal and that same constituted a continuing tort interrupting prescription. The court held that the plaintiffs’ claims were subject to the two-year prescriptive period of Section 5624, and because the supreme court has specifically refused to extend the continuing tort rule to such cases, plaintiffs’ claims were prescribed.
If we were inclined to follow the first circuit’s reasoning, it would appear that its decision in Wilson, supra, would be controlling in the present case for the pertinent facts upon which the decision therein was based are strikingly similar to the facts in the instant case. We do not, however, find the Wilson decision persuasive. The first circuit’s interpretation in Wilson, supra, essentially permits a public entity to negligently allow public projects to fall into disrepair and cause damage as a result thereof with impunity. It is unlikely that the legislature intended this type of claim to be subject to the |7prescriptive period set forth in Section 5624.
Under the current version of Section 5624, all claims for damages occasioned for a public purpose must be filed within two years of completion and acceptance of the public project. However, as per the allegations in the present suit, damages which result from the public entity’s negligence in repairing or maintaining a public project might not present themselves until years after the public project is completed. Therefore, to apply Section 5624 to claims arising out of these circumstances is to allow prescription to run before the cause-in-fact (negligent maintenance and repair) has occurred or the damage has even been suffered. The more logical interpretation of Section 5624 is that the statute provides a prescriptive period for those damages to private property caused during the construction of a public project. It cannot be disputed that while a public project could be designed and constructed without causing injury to private property and without any damage causing defects, almost all public projects are unlikely to remain in such a benign state unless they are properly maintained and repaired. To preclude actions for damages caused by a failure to properly care for the public project before that damage is even apparent would be illogical, and we cannot agree that the legislature intended such a result. Accordingly, we find the claims in the present case are not subject to the prescriptive period found in Section 5624, but, instead, are governed by LSA-C.C. arts. 3492 and 3493.
Continuous Tort
In applying the one-year prescriptive period of Articles 3492 and | R3493, we must first determine whether the flooding which caused the damage constitutes a continuing tort so as to preclude the commencement of the prescriptive period until the tortious conduct and resulting damages have abated. The plaintiffs have argued that because the flooding occurred at least once a year beginning in 1991, and, therefore, additional damage was done every year, a continuous tort occurred as set *551 forth by the supreme court in South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La.1982). We cannot agree.
In South Central Bell, supra, the supreme court stated “[W]hen the cause of the injury is a continuous one giving rise to successive damages,” prescription does not begin until the conduct causing the damage is abated. We do not believe that separate instances of flooding caused by the negligent maintenance of a drainage canal constitutes such a continuous tort. Since we can reasonably rely on the fact that it will always rain (hence the need for drainage canals), plaintiffs’ proposition would have the result of postponing the running of prescription in perpetuity. For the flooding damage will never abate until either it stops raining or the necessary repairs/modifications are made to the drainage canal to prevent the flooding. A review of the jurisprudence supports the conclusion that repeated instances of flooding do not constitute a continuous tort. See Roberts v. Murphy Oil Corporation, 577 So.2d 308 (La.App. 4th Cir.1991); Carbo v. Hart, 459 So.2d 1228 (La.App. 1st Cir.1984), writ denied, 462 So.2d 654 (La. 1985).
Therefore, prescription would have begun to run as to the damage to |3the immovable property from the first instance in which the owner acquired or should have acquired knowledge of the damage. LSA-C.C. art. 3493. Plaintiffs own deposition testimony indicates that he was aware of erosion damage to the property as early as 1991. As a result of this erosion he had concrete poured to repair foundation damage being caused by the creation of voids in the soil. Therefore, the damage being caused by the alleged negligence in failing to properly maintain the drainage canal was evident in 1991, and prescription would have run on same one year thereafter.
The one-year prescriptive period as to damages to movable property would have started to run as of the date the damages were sustained. LSA-C.C. art. 3492. Those damages were first incurred on the two occasions that the buildings flooded in 1991 and they last occurred during the last flooding of the building in 1998. The claims for the last of these damages incurred would have expired no later than 1999, at least a year and a half before suit was filed.
Contra Non Valentem
Plaintiffs have urged that the doctrine of contra non valentem is applicable in the present case so as to have effected a suspension of the running of prescription. The applicability of the doctrine arguably arises out of the negotiations between the parties beginning in the year 2000, in which the city allegedly made representations that repairs would be made to plaintiffs’ property and the drainage canal.
The doctrine of contra non valen-tem recognizes that in limited circumstances prescription should not run if good cause exists as to why |1(1plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible. The doctrine, however, is inapplicable in the present case because the negotiations which plaintiffs allege justify the applicability of the doctrine did not take place until the applicable prescriptive periods had already run.
CONCLUSION
Accordingly, and while not for the same reasons as the trial court, we affirm the judgment granting defendant’s motion for summary judgment based on prescription. Costs of this appeal are assessed against plaintiffs/appellants, Steve Pracht and Shade Tree Auto Parts, Inc.
AFFIRMED.

. While some circuits have held that the prescriptive period found in LSA-R.S. 9:5624 only applies to property damage claims, this Court has expressed its agreement with the first circuit that the statute applies to all claims for damages sustained as a necessary consequence of a public purpose. See Eubanks v. Bayou D’Arbonne Lake Watershed. District, 32,-334 (La.App.2d Cir.9/22/99), 742 So.2d 113, footnote 2.