BLEICH, J. (Pro Tempore )
This action for damages arises from alleged malfunctions of the City of Bastrop's sewerage system. Plaintiffs appeal a summary judgment granted in favor of the City of Bastrop and Veolia Water North America-South, LLC. We affirm.
FACTS
In 1999, Terry and Cynthia Newsome ("the Newsomes") purchased immovable property on Rose Street in Bastrop, Louisiana. Shortly after the purchase of the property, the Newsomes began to experience sewage backup in their home due to the overburdened wastewater collection system that could not contain the increased amount of water caused by rainfall. The water overflow escalated and eventually caused sewage water to back up into the tubs, toilets, and sinks inside the house and produced varying types of water damage to the residence.
On February 4, 2015, the Newsomes filed a petition for damages against the City of Bastrop, through its Mayor Arthur Jones ("the City"), and Veolia Water North America-South, LLC ("Veolia") alleging that the flooding of the property caused by sewage overflow was due to negligence and failure to properly maintain the sewerage system. The City is the owner of the sewerage system, but contracted with Veolia in 2012 to maintain and operate the sewerage system and pumps.
After discovery, Veolia filed a motion for summary judgment on the grounds that any claims the Newsomes may have had *251 against the City or Veolia had prescribed. The City filed a separate motion incorporating and adopting Veolia's motion. After a hearing, the trial court granted summary judgment in favor of the City and Veolia, and denied a motion by the Newsomes to strike an affidavit submitted in support of the summary judgment. The Newsomes now appeal that judgment.
DISCUSION
Summary Judgment/Prescription
Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also be raised by motion for summary judgment. Hogg v. Chevron USA, Inc. , 2009-2632 (La. 07/06/10), 45 So.3d 991, 997. When prescription is raised by motion for summary judgment, review is de novo , using the same criteria as that of the trial court in determining whether summary judgment is appropriate. Id.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief sought by a litigant. Schultz v. Guoth , 2010-0343 (La. 01/19/11), 57 So.3d 1002 ; Samaha v. Rau , 2007-1726 (La. 02/26/08), 977 So.2d 880. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 (A)(3). The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966 (D)(1). An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or other appropriate summary judgment evidence, must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B) ; Larson v. XYZ Ins. Co. , 2016-0745 (La. 05/03/17), 226 So.3d 412.
Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. When damage is caused to immovable property, the one-year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage. La. C.C. art. 3493.
Constructive knowledge has been defined as whatever notice is enough to excite attention and put the injured party on guard or call for inquiry. Campo v. Correa , 2001-2707 (La. 06/21/02), 828 So.2d 502, 510-511. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry might lead, and such information or knowledge as ought to reasonably put the injured party on inquiry is sufficient to start the running of prescription. Id. In assessing whether an injured party possessed constructive knowledge sufficient to commence the running of prescription, the ultimate consideration is the reasonableness of the injured party's action or inaction in light of the surrounding circumstances. Id.
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription *252 of two years, which shall begin to run after the completion and acceptance of the public works. La. R.S. 9:5624. The purpose of the legislature in adopting Section 5624 was to limit the exposure of the state and its political subdivisions by requiring that any and all actions be brought within two years after damages are sustained. Pracht v. City of Shreveport , 36,504 (La. App. 2 Cir. 10/30/02), 830 So.2d 546, 549, writ denied , 2003-0007 (La. 03/14/03), 839 So.2d 46. The prescriptive period applies when the damage to private property complained of is a necessary consequence of a public purpose. Lyman v. Town of Sunset , 500 So.2d 390 (La. 1987). The two-year prescriptive period does not apply when the act which caused the damages was not a necessary consequence or result of a public construction project. Pracht , supra .
By their first assignment of error, the Newsomes argue that their action for damages has not prescribed. Specifically they contend that the two-year prescriptive period set forth in La. R.S. 9:5624 is applicable under the circumstances and that the suit was timely filed regarding incidents occurring from 2013 and forward. Alternatively, the Newsomes claim that the continued instances of flooding in aggregate constitute a continuing tort which suspended prescription.
Because of the similarity of facts, we find the case of Pracht v. City of Shreveport , supra , to be dispositive of the issues raised in this appeal. In Pracht , the plaintiff owned a building near a cement drainage canal, which was owned and operated by the City of Shreveport. Varying degrees of damage to plaintiff's property resulted from the flooding of the canal ten years prior to the filing of suit. The plaintiff argued that because the canal flooded each time it rained, eventual erosion resulted over time in the nature of a continuing tort that suspended the running of prescription. The trial court granted summary judgment in favor of the City of Shreveport and dismissed plaintiff's claim on the basis of prescription. On appeal, the Pracht court held,
We do not believe that separate instances of flooding caused by the negligent maintenance of a drainage canal constitutes such a continuous tort. Since we can reasonably rely on the fact that it will always rain (hence the need for drainage canals), plaintiffs' proposition would have the result of postponing the running of prescription in perpetuity. For the flooding damage will never abate until either it stops raining or the necessary repairs/ modifications are made to the drainage canal to prevent the flooding. A review of the jurisprudence supports the conclusion that repeated instances of flooding do not constitute a continuous tort.
Id. at 551.
Additionally, the Pracht court found that the two-year prescriptive period of La. R.S. 9:5624 for public constructions projects does not apply when the plaintiffs' damages are not caused by the construction of the public work and the plaintiff alleges negligent maintenance of the public work. Thus, the court applied the general one-year prescriptive period of La. C.C. art. 3493, noting that plaintiff's deposition indicated his awareness of erosion some ten years before the suit was filed and that prescription would have run one year thereafter.
In this matter, the Newsomes also seek to recover damages from the City for the negligent maintenance of the City's sewerage system, and from Veolia based on its contract with the City to operate and maintain the sewerage system. The damages they seek are not caused by the construction of the public work. Thus, we *253 hold that the occurrences of sewage overflow causing damage to the Newsomes' property is not a continuing tort, and that the one-year prescriptive period of La. C.C. art. 3493 applies.
Mr. Newsome's deposition indicated that he was aware of the sewage backup in the "[e]arly 2000's," when he first complained to the city and that flooding from the manhole happened probably over 100 times and escalated over the years. Further, Mr. Newsome admitted that he considered moving out of the house in 2004 because the bathroom was inoperable due to flooding. Likewise, in answers to interrogatories, the Newsomes conceded that in 2002 they started noticing that the water from the house (bathroom, washer and kitchen) was not draining out properly, especially when it rained.
In aggregate, the collection of documents submitted by the Newsomes in opposition to the summary judgment fails to provide any evidence that their claims related to those occurrences have not prescribed.[1] Although the Newsomes allege that other flooding events occurred within one year of when the suit was filed, they have failed to show that the alleged damage to the home was caused by anything other than the overburdened sewerage system. Thus, the record before us shows that the damage caused by the alleged negligence was evident to the Newsomes by 2004, at the latest. Based solely on the evidence properly before the trial court at the summary judgment hearing, it is clear that the only material factual issue-the date upon which the Newsomes acquired knowledge of the damage sufficient to commence the running of prescription-unquestionably occurred over a year before filing this suit. For these reasons, we find that the trial court did not err in granting summary judgment in favor the City and Veolia. This assignment of error has no merit.
In light of our disposition of this matter on these grounds, it is not necessary for us to decide the Newsomes' second assignment of error. Nevertheless, we find no error in the trial court's denial of the motion to strike the affidavit of Antrena Trimble, Veolia's project manager in Bastrop. In her affidavit, Trimble established that her position as project manager required her to have personal knowledge of the operation and maintenance of the City's sewerage system and all past and prospective incidents of malfunction or overflow. Thus, any challenge to Trimble's affidavit on the grounds that her tenure as plant manager did not coincide with the events which are the subject matter of this litigation is without merit.
CONCLUSION
For the reasons discussed, we affirm the judgment granting summary judgment in favor of the City of Bastrop and Veolia Water North America-South, LLC, and denying the Newsomes motion to strike the affidavit of Antrena Trimble. Costs of this appeal are cast to Terry and Cynthia Newsome.
AFFIRMED.

Notably, the documents submitted in opposition to the summary judgment are not contained in the exclusive list of documents that may be filed in opposition to the summary judgment under newly-amended La. C.C.P. art. 966 (A)(4).